[No. 2,871.]

## JOHN THOMPSON *v.* ARTHUR THORNTON AND ISAAC STANLEY.

CONTINUANCE.—If a party has stated his case to his attorney, and is advised that he has a good defense on the merits, and his attorney is unable to attend the trial by reason of the illness of his family, and the party first ascertains this on the morning of the day of trial, and is unable to try his own case or procure other counsel who understand the facts, a continuance should be granted, at least until other counsel can familiarize themselves with the facts.

MOTION TO VACATE WRIT OF HABERE FACIAS.—If the appellate Court grants a new trial, on an appeal from a judgment in ejectment in favor of the plaintiff, an application to vacate a writ of *habere facias*, issued during the pendency of the appeal, should be made to the Court below, and not to the appellate Court.

APPEAL from the District Court of the Fifth Judicial District, San Joaquin County.

The facts are stated in the opinion.

*George W. Tyler*, for Appellants.

By accident defendant was deprived of the aid of counsel, and he was thereby surprised in a legal sense; and the Court should have granted a new trial. (Practice Act, Sec. 193; *Schellhous* v. *Ball*, 29 Cal. 605; *Cutler* v. *Rice*, 14 Pick. 494.)

*Terry & Carr*, for Respondent.

It is true there is a statement in the affidavit of Thornton that he had fully and fairly stated the facts constituting his defense to his counsel, and was advised by his said counsel that he had a legal defense, and that the attorney states that he verily believes, and so advised defendant, that he had a good and substantial defense to said action on its merits. But this is not sufficient; it is merely a conclusion of law which defendants' counsel drew from his statement. The affidavits should set out the facts and leave the Court to determine as matter of law whether these facts constitute a defense. Besides, if facts had been stated in the affidavits, the respondent might have met them by counter-affidavits; but as only conclusions of law were given, the Court would not have been at all enlightened or aided in its decision by affidavits setting out the conclusion of the attorneys for plaintiff that there was no valid defense to the action. (*Patterson* v. *Ely*, 19 Cal. 36; *Cook* v. *De la Guerra*, 24 Cal. 238; *Brooks* v. *Douglass*, 32 Cal. 211.)

By the Court, WALLACE, J.:

This is an action of ejectment, and issue was joined by the filing of the answer. The cause came on for trial on November 2d, 1870. The defendants on that day were present at the Court, in Stockton, where the action was to be tried; but their counsel, who resided in San Francisco, was unable to attend the Court, by reason of the sickness of two members of his family—so extreme in its character that the attending physician forbade him to leave, he being of opinion " that no prudent man could think of leaving his family for any length of time in the condition they were in."

On the morning of the day upon which the trial came on the defendants, for the first time, ascertained that their counsel could not attend, and the reason why he could not, and at once, upon receiving a telegraphic dispatch from him, made application to the Court to continue the cause, after making an ineffectual effort to obtain other counsel, they having no opportunity to prepare the case for the defense. The Court refused to continue the case, even for a short time, to allow preparation for a defense by new counsel, if any could be found; but compelled the defendants to proceed, in the absence of their counsel, under the circumstances stated. The defendants swear that they were utterly unable to conduct the defense of the action themselves, and wholly unable to procure counsel, for the reason that no time whatever was allowed for counsel to prepare for trial. The defendants also swear that they have fully and fairly stated the facts of the case to their counsel, and that he has advised them that they have a defense upon the merits. The counsel also swears that he is, and for several years has been, acquainted with all the facts of the case; that he has been the counsel for one of the defendants for about six years; and that he believes that the defendants have a substantial defense upon the merits of the action,

and that he has so advised them. The defendants being, under these circumstances, compelled to go to trial, judgment was rendered against them; and they thereupon moved for a new trial, upon the ground of accident and surprise; and their motion was supported by affidavits showing the foregoing facts in substance. The affidavits were not contradicted; but the motion was, nevertheless, denied, and the defendants brought this appeal from the order denying the motion.

I think that the Court erred in denying the motion for a new trial. The affidavits show that the defendants have a meritorious defense to the action. They were not in default in the slightest degree. There was no lack of diligence on their part. They were ready for trial, and in attendance upon the Court with their witnesses. Everything that they could do of themselves, in the way of preparation, had been done; and but for the sickness in the family of their counsel they would have been ready to proceed to trial; and even when it was ascertained that he could not, for that reason, attend upon the Court, they only desired time for some other counsel to familiarize himself with the defense. This, at least, should have been allowed them.

The order denying a new trial is reversed, and the cause remanded; the remittitur to issue forthwith.

[The defendants moved the Supreme Court to vacate a writ of *habere facies*, which had been issued out of the Court below.—Reporter.]

By the Court, Wallace, J.:

The order denying a new trial in this cause having been reversed, the motion made by the defendants in this Court, to vacate the writ of *habere facies* issued by the Court below, is denied. The application in that behalf should be made to the Court below.