## THE PEOPLE v. DOMINGUEZ.

### APPEAL from the District Court of Arecibo.

No. 90.—Decided December 12, 1905.

TRIAL—CONTINUANCE.—Although the continuance of a trial is a matter within the discretion of the trial court, nevertheless where the accused moves for a continuance, basing his motion upon the sudden illness of his counsel and proving this fact and the impossibility of employing other counsel with the necessary knowledge and data to defend him, a continuance should be granted, and the denial of such a motion under these circumstances would constitute an error sufficient to warrant the reversal of the judgment and the granting of a new trial.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for The People.

The appellant did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

Carlos Dominguez was indicted in the District Court of Arecibo for an offense against the election laws, tried, convicted, and sentenced to three years and six months in the penitentiary, at hard labor, and to the payment of the costs.

On the day of the trial, which took place on the 25th of May, 1905, a telegram was received by the marshal of the District Court of Arecibo, which reads as follows:

*"Imposible estar juicio hoy. Correo hoy vá certificado Dr. López, informa Coll Cuchí."*

Mr. Coll y Cuchi was the attorney for the defendant. The certificate of the doctor to which the telegram refers reads as follows:

''Dr. Cay. Coll y Cuchi, attorney at law, in San Juan. The under signed physician and surgeon with an affice in San Juan, hereby certifies: That he has made an examination as physician, of Dr. Cay. Coll y Cuchi, in his residence in Santurce, this 25th day of May, 1905, at 9.30 p. m. and finds him unable to speak in a loud voice, which is the result of a bad cold, and I also found Mr. Coll y Cuchi to have some fever. And at the request of the interested party I issue this certificate in Santurce on the 25th of May, 1905.—J. A. Lopez, M. D.

''Sworn to and subscribed before me on the foregoing date, to which I certify, in Santurce, on the 25th of May, 1905.—Felipe Cuchi Arnau, *notario público.*''

On account of the absence of his attorney, at the instance of the special prosecuting attorney, the court continued the case until the next day, notifying the defendant that the trial must be had the next day, with or without counsel. On the next day the following motion was made:

''In the District Court of the Judicial District of Arecibo, P. R.— *The People of Porto Rico* v. *Carlos Dominguez.* Violation of the

Election Law. Carlos Dominguez, accused before this honorable court of the above-mentioned crime, sets forth: That it has been impossible for my lawyer, Mr. Coll y Cuchi, who has studied the case and prepared the evidence convenient to my rights, to attend this hearing, on account of his illness, according to the certificate in the hand of the honorable judge, and the telegram accompanying the same, in reply to those sent him on yesterday requesting his presence. Not being able to employ the services of lawyers resident in this place: 1st. Because not having studied the case, and knowing nothing about the evidence in the hands of my lawyer, Mr. Coll, pertinent to the case, none of them could, notwithstanding the fact that they are noted jurisconsults, make an appropriate defense for the good of justice which would honor them and benefit me. 2d. Because involving a case which has arisen from an electoral struggle between the opposing parties, Republicans and Unionists, being as they are well-known members of the adversary political party, notwithstanding their rectitude and honor, they would not defend me with pleasure, and I could not fail to doubt the partiality of their defense. In view of the foregoing, and in view of the fact that I am accused of a felony, I rely on the provisions of the eleventh section of the Law of Criminal Procedure, and pray that this honorable court continue the trial of this case and set a reasonable date for the hearing of the same, in order that when my counsel recovers, he may appear before this honorable court and defend me with the evidence which he has in his possession, and as I have stated heretofore, for the good of justice.—Arecibo, 27th of May, 1905. Respectfully, Carlos Dominguez.''

The court overruled the motion, and the defendant duly noted an exception and protested against any further proceedings. Before the close of the trial the defendant made a similar motion. A motion for a new trial was duly made on the ground that the court erred in not granting the motion of the defendant, and on the ground of newly discovered evidence. The court overruled the motion.

The case comes to this court on the ground that the court below erred in not granting a reasonable continuance to the defendant, in the absence of his regular counsel. Everything was done by the defendant to save his rights. It appears from

the certificate of the doctor that Mr. Coll y Cuchi was actually ill at about the time of the trial. He took every precaution to notify the court of this fact. He was armed with the proofs and whatever other defense the defendant had, and the court should have granted a reasonable postponement in order that regular counsel might be heard. It is not enough to say, especially in a serious offense of this nature, and where the party appears to be acting in perfect good faith, that the court is ready to name other counsel. A few days more would have done the Government's case no harm.

It does not appear that the sufficiency of the certificate was in any way questioned. It is always possible for the Government to show, by counter-affidavit, or otherwise, that an attorney can appear if indeed it is in his power to do so.

Matters of continuance are in the sound discretion of the court, but here we think that the defendant was entitled to a postponement. In the American and English Encyclopedia of Law, Volume III, page 808, it is said, in speaking of grounds for a continuance:

"But illness of counsel, where there is one, or the leading counsel where there are more than one, where the sickness is so sudden that neither can under the circumstances render justice to the case, likewise the death of counsel, will be a good cause."

The case of *Thompson* v. *Thornton*, 41 Cal., 626, is authority to the same effect.

We think it was error in this case for the court to refuse a reasonable continuance, and the case must be sent back to the District Court of Arecibo for a new trial.

*Reversed.*

Chief Justice Quiñones and Justices Hernandez, Figueras and MacLeary concurred.