# El Pueblo *v.* Domínguez.

Apelación procedente de la Corte de Distrito de Arecibo.

No. 90. Resuelto en diciembre 12, 1905.

Juicio.—Suspensión del mismo.—Aunque la suspensión del juicio es materia de discreción de la corte inferior, sin embargo, cuando el acusado la solicitare fundado en la repentina enfermedad de su abogado, justificándola, y en la imposibilidad de emplear otro abogado que disponga de los elementos necesarios para su defensa, la suspensión debe decretarse, y la denegación de la moción en tales circunstancias, constituye un error suficiente á justificar la revocación de la sentencia, y la concesión de un nuevo juicio.

Los hechos están expresados en la opinión.
Abogado del apelado: *Sr. Rossy, Fiscal.*
La parte apelante no compareció.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Carlos Domínguez, fué acusado ante la Corte de Distrito de Arecibo, de un delito contra el derecho electoral, juzgado, convicto y sentenciado á tres años y seis meses de presidio, con trabajos forzados, y al pago de las costas.

El día de la celebración del juicio, 25 de mayo de 1905, el marshal de la Corte de Distrito de Arecibo, recibió un telegrama que decía así:

"Imposible estar juicio hoy. Estoy enfermo. Correo hoy va certificado Dr. López en forma.—Coll Cuchí."

El señor Coll y Cuchí, era el abogado del acusado. El certificado del médico á quien el telegrama se refería es como sigue:

"Dr. Cay. Coll Cuchí, Abogado, San Juan, Puerto Rico.—El infrascrito, médico cirujano con oficina en San Juan, Certifico: Que he reconocido como médico, en su casa habitación en Santurce, al Dr. Cay. Coll y Cuchí, hoy 25 de mayo de 1905, á las 9 y media de la noche, y se encuentra afónico por resultas de un enfriamiento, sin poder usar de la palabra en alta voz por un septenario; y también se podía notar en el Señor Coll Cuchí algún movimiento febril. Y

á petición del interesado libro esta en Santurse á 25 de mayo de 1905.—J. A. López, M. D.—Jurada y suscrita ante mí en la anterior certificación, doy fe en Santurce á 25 de mayo de 1905.—Felipe Cuchí Arnau.—Notario público."

Con motivo de la ausencia del abogado defensor, á instancia del fiscal especial, la corte suspendió el juicio hasta el día siguiente, notificando al acusado que se celebraría dicho juicio al siguiente día, con ó sin la asistencia del abogado. Al siguiente día se presentó la siguiente moción:

"En la Corte de Distrito del Distrito Judicial de Arecibo, P. R.—*El Pueblo de Puerto Rico* v. *Carlos Domínguez.*—Contra el derecho electoral.—Carlos Domínguez, acusado ante esta Hon. Corte del delito arriba mencionado, expongo: Que mi abogado defensor señor Coll Cuchí, que tiene estudiado el proceso y preparada la prueba que conviene á mi derecho, le ha sido imposible concurrir á este acto, por hallarse enfermo, según certificación obrante en poder del Hon. Juez, y telegrama que acompaño, contestación á los que le he dirigido en el día de ayer, solicitando su presencia. No pudiendo solicitar la dirección y defensa de los Abogados residentes en la localidad: 1o. Porque no habiendo estudiado el asunto y desconociendo las pruebas que obran en poder de mi abogado señor Coll, pertinentes al caso, ninguno de ellos podría, á pesar de ser notables jurisconsultos, hacer una apropiada defensa en bien de la justicia, que les honrara y me beneficiara. 2o. Porque tratándose de un asunto que procede de la lucha electoral entre los partidos militantes Republicano y Unionista, siendo como son miembros conocidos del Partido adversario, no obstante su rectitud y honradez, ni ellos se prestarían gustosos á defenderme, ni yo dejaría de dudar de la parcialidad de su defensa. Por lo expuesto, y acusándoseme de un delito *felony,* me acojo á los derechos que me concede el artículo 11 de la Ley de Enjuiciamiento Criminal, y suplico que teniendo por presentada esta moción, el Hon. Tribunal aplace la celebración del juicio señalando un término prudencial para la vista del mismo, con el fin de que, ya bueno mi abogado, pueda comparecer ante esta Hon. Corte á defenderme con pruebas que obran en su poder, como antes he dicho, en bien de la Justicia. Arecibo, mayo 27 de 1905. Reps. Carlos Domínguez."

La corte desestimó la moción, y el acusado debidamente anotó una excepción y protestó contra cualesquiera ulte-

riores procedimientos que se siguieran. Antes de terminarse el juicio, el acusado presentó una moción similar. También se solicitó un nuevo juicio en propia forma, fundándose en que la corte había cometido error al no conceder la moción del acusado, y en que había encontrado nuevas pruebas. La corte desestimó la moción.

El caso llega á esta corte, alegándose que la corte inferior ha errado al rehusar la suspensión por tiempo razonable, que pedía el acusado, en ausencia de su abogado. El acusado hizo todo lo posible para salvar sus derechos. Resulta del certificado del médico que el señor Coll y Cuchí estaba efectivamente enfermo al tiempo de celebrarse el juicio. Dicho abogado adoptó todas las precauciones que pudo para notificar á la corte de aquel hecho. Estaba en posesión de las pruebas y demás medios de defensa con que contaba el acusado, y la corte ha debido posponer la celebración del juicio por un período de tiempo razonable, á fin de que el abogado pudiera haber sido oído. No es bastante decir, especialmente tratándose de un delito grave de esta naturaleza, y en el que la parte parece proceder de perfecta buena fe, que la corte está dispuesta á nombrar otro abogado. La dilación de unos pocos días no hubiera podido perjudicar los derechos del Pueblo.

No resulta que la suficiencia de la certificación fuera controvertida. Siempre es posible al Gobierno demostrar mediante contra-affidavit, ó de otro modo, que un abogado puede comparecer, si es que realmente tiene los medios para hacerlo.

Las cuestiones de suspensión de vistas y señalamientos de las mismas para otro día quedan á la juiciosa discreción de la corte; pero en este caso, entendemos que el acusado tuvo derecho á que su juicio se pospusiera. En la página 808, Vol. III de la American & English Enciclopedia of Law, tratándose de motivos de suspensión de vistas se dice:

"Pero la enfermedad del abogado, cuando hay uno, ó del abogado principal cuando hay más de uno, siempre que la enfermedad sea tan repentina que ninguno de ellos pueda prestar los servicios que requiera la justicia, así como la muerte del abogado, constituirán una buena causa."

El caso de *Thompson* v. *Thornton*, 41 Cal. 626, puede citarse como autoridad sobre el mismo punto.

Creemos que la corte no ha debido negar la suspensión por un período de tiempo apropiado, y que el caso debe ser devuelto á la Corte de Distrito de Arecibo para un nuevo juicio.

*Revocada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y MacLeary.