[Civ. No. 6911.   Fourth Dist.   Jan. 22, 1963.]

PALOMAR MORTGAGE COMPANY, Plaintiff and Appellant, v. KEITH LISTER et al., Defendants and Respondents.

Irsfeld, Irsfeld & Younger and James B. Irsfeld, Jr., for Plaintiff and Appellant.

McInnis, Focht & Fitzgerald and John W. McInnis for Defendants and Respondents.

GRIFFIN, P. J.—The plaintiff-appellant in this action seeks a declaratory relief judgment and damages for breach of contract. The action originally involved three defendants other than the respondents before this court, but a summary judgment was granted in their favor. The action came to trial on August 2, 1961. A jury had theretofore been requested and was present in court. At the time set for trial, Mr. Gordon von Kalinowski appeared on behalf of the attorneys for the plaintiff and moved for a continuance of the trial. He submitted in support of the motion an affidavit of Mr. Robert S. Forsyth, one of plaintiff's attorneys, which was dated July 31, 1961 and which stated in substance that affiant was the only member of his firm who was acquainted with the action or would be able to try it. He stated that:

"On Wednesday, the second day of August, 1961, the date upon which the within action is set for trial, affiant is engaged in Department 100 of the Superior Court for the County of Los Angeles" in a criminal case. Affiant also averred that he had other dates for trial in criminal cases and requested a continuance until August 14 or thereafter.

It appeared at the hearing that Mr. von Kalinowski had been requested to make an appearance on behalf of plaintiff's counsel; that he had made contact with counsel for the defendants on August 1 and had been informed by counsel for defendants that any application for continuance would be strenuously resisted. When the matter was presented to the trial court, counsel for defendant stated that he was resisting the motion.

During the course of the discussion between counsel and the court, it was indicated that the court looked with disfavor upon the application and that the court was inclined to deny the motion. During the proceedings, Mr. von Kalinowski made it clear to the court that he knew nothing whatever of the case and was merely appearing at the request of counsel to apply for the continuance. He eventually requested the court to grant a continuance until the following day, offering, on behalf of plaintiff's counsel, to .pay the jury fees and such costs as the court would direct, and asking that he be given an hour in which to make contact with the office of

plaintiff's counsel in Los Angeles to ascertain for sure that counsel would be present the following morning to proceed with the trial. At this stage of the proceeding, counsel for the defendants stated to the court that if a continuance was to be for no longer than a day, the defendants would consent thereto. The court refused the one-hour delay, denied the application for continuance and directed counsel for defendants to proceed with the trial. Members of the regular jury panel were present; the first 12 jurors were called into the jury box and were sworn as jurors without examination; defendants presented evidence in support of their position and a verdict in favor of defendants was rendered, Mr. von Kalinowski was excused from attendance upon the denial of the motion for continuance.

The trial court criticized the sufficiency of the affidavit for continuance. In form it leaves much to be desired. At a subsequent hearing, under Code of Civil Procedure, section 473, considerable doubt was raised as to the good faith of plaintiff's counsel in applying for the continuance. It developed that the matter in which counsel was engaged on August 2 in Los Angeles was not a trial but an arraignment, which probably lasted but a few minutes.

It is apparent, therefore, that had counsel for the plaintiff stood upon the original request for continuance until August 14 or thereafter, little criticism, if any, could be made of the action of the trial court in denying the continuance. However, during the course of the somewhat informal presentation of the matter, the request resolved itself into an application for a continuance of 24 hours, the plaintiff offering to defray the jury fees and any other costs required and opposing counsel consenting thereto. Plaintiff's counsel were attorneys practicing in Los Angeles and it was apparent that a denial of the motion, coupled with an order to proceed immediately with the trial, foreclosed all possibility of plaintiff's being present or being represented by counsel and rendered it impossible that the merits of plaintiff's claim be presented.

The appellant concedes that the matter of granting or refusing a continuance is a matter addressed to the discretion of the trial court and is not to be interfered with except upon a showing of abuse of discretion. Appellant relies upon *Cohen v. Herbert,* 186 Cal.App.2d 488 [8 Cal.Rptr. 922], in which it is said, among other things, at page 494, paragraph 8:

"The trial judge must exercise his discretion with due regard to all interests involved. The denial of a continuance which has the practical effect of denying the applicant a fair hearing is often held reversible error." (Citing cases.)

In *Whalen* v. *Superior Court*, 184 Cal.App.2d 598 [7 Cal.Rptr. 610], it is held that the consent of opposing parties to an application for continuance is sufficient to establish that his interests would not be prejudiced thereby.

There is no fixed rule as to what constitutes an abuse of discretion in denying an application for continuance. (*Kalmus* v. *Kalmus*, 103 Cal.App.2d 405 [230 P.2d 57].) In 12 California Jurisprudence 2d section 59, page 172, it is stated:

"It can be said only that the trial court's ruling must not be capricious, arbitrary, or partial, and that it should not exceed the bounds of reason. It should be guided by fixed legal principles and exercised in such a manner as to accomplish substantial justice in the light of all the facts and circumstances."

After a careful study of the record, this court is forced to the conclusion that the denial of a continuance for one day in the light of the circumstances involved constituted an abuse of discretion. The plaintiff and appellant was thereby prevented from presenting its case and it was deprived of its day in court. In view of the fact that opposing counsel consented to the request for continuance, it is obvious that defendants would not have been injuriously affected thereby. It is true that the time of the court should not be wasted by failure of litigants and counsel to be prepared. On the other hand, it must be recollected that the province of the court and the purpose of a trial is to fairly and properly adjudicate the rights of the litigants. (*Broadwell* v. *Ryerson*, 85 Cal.App.2d 352 [192 P.2d 797].)

The only other point raised upon appeal is with regard to the sufficiency of the evidence to support the verdict and the findings of the trial court. In view of the fact that the judgment must be reversed and the case remanded for a new trial, it would serve no useful purpose to discuss the sufficiency of the evidence, particularly in view of the fact that no evidence on behalf of plaintiff was introduced. Neither side should be prejudiced, upon the retrial, by any comment of this court with reference to the sufficiency of the evidence.

In the interests of justice, each party is to bear his or its own costs on appeal. (Cal. Rules of Court, rule 26(a).*)

The judgment is reversed and the cause remanded for new trial.

Coughlin, J., concurred.

A petition for a rehearing was denied January 30, 1963, and respondents' petition for a hearing by the Supreme Court was denied March 20, 1963. Peters J., was of the opinion that the petition should be granted.

*Formerly Rules on Appeal, rule 26(a).