[Civ. No. 22211.   First Dist., Div. Three.   Sept. 15, 1965.]

EUGENE A. TALIAFERRO, Cross-complainant and Appellant v. W. H. HOOGS, Cross-defendant and Respondent.

Eugene A. Taliaferro, in pro. per., for Cross-complainant and Appellant.

Frisbie & Hoogs and W. H. Hoogs, for Cross-defendant and Respondent.

DRAPER, P. J.—Appellant was ordered to furnish security under the vexatious litigant statute (Code Civ. Proc., §§ 391-391.6), failed to do so, and his cross-complaint was dismissed. He appeals.

This action is one more in the welter of litigation between appellant and his former wife, now Mrs. Davis. This one began as a small claims action by Taliaferro. Mrs. Davis filed a municipal court action. The two were consolidated, and Taliaferro cross-complained for more than $500,000, resulting in transfer of the entire action to superior court. Respondent Hoogs, the attorney for Mrs. Davis, was joined as a cross-defendant. It was he who moved for security and secured dismissal.

Appellant's contentions are largely repetitious of those made and disposed of adversely to him in a recent case (*Taliaferro* v. *Hoogs*, 236 Cal.App.2d 521 [46 Cal.Rptr. 147]). Here, however, he elaborates the argument that he is not within the statutory definition. He refers only to subdivision (b)(2) of section 391, which permits a court to stamp as a vexatious litigant one who in propria persona repeatedly relitigates, against the same defendant, either the validity of a final determination or the same controversy already finally determined.

He argues that the statute is intended only to prevent harassment of an individual defendant, judgments against him are not final in earlier actions in which he has joined Hoogs, and thus Hoogs cannot demand security. His approach is too limited. The constant suer for himself becomes a serious problem to others than the defendant he dogs. By clogging court calendars, he causes real detriment to those who have legitimate controversies to be determined and to the taxpayers who must provide the courts. Arguably, one who has repeatedly relitigated groundless claims against one defendant could be required to give security before pressing to trial an apparently unfounded claim against a new victim. We do not, however, reach that issue here. The claim against Hoogs is but a rehash of the same claims so frequently urged by appellant against his wife, and finally determined against

him. Hoogs' alleged liability is predicated upon that of the wife, and his joinder seems a mere appendage to that basic claim.

But we need not base our decision upon subdivision (b)(2). Subdivision (b)(1) defines as a vexatious litigant one who has filed five unsuccessful suits in propria persona in the last seven years. Respondent's affidavit alleges facts bringing appellant within this definition. The allegation is supported, many times over, by the records of this court.

The trial court thus had discretion to find appellant a vexatious litigant. There was no abuse of that discretion. Security was properly ordered (Code Civ. Proc., § 391.3), and dismissal was required when it was not provided (Code Civ. Proc., § 391.4).

Judgment affirmed.

Salsman, J., and Devine, J., concurred.