[Civ. No. 25984. First Dist., Div. One. Dec. 9, 1969.]

WILLIAM MULLER, Plaintiff and Appellant, v.
SYDNEY N. TANNER, Defendant and Respondent.

## COUNSEL

William Muller, in pro. per., for Plaintiff and Appellant.

Sydney N. Tanner, in pro. per., for Defendant and Respondent.

## OPINION

**SIMS, J.**—In this action plaintiff has appealed from a judgment of dismissal signed, filed and entered after his failure to post security as required by an order which determined he was a vexatious litigant and ordered him to post $5,000 in cash, or bond, within 10 days of the order. (Code Civ. Proc., §§ 391-391.6.)[1] His multifarious contentions are set forth in 21 points and XIII propositions and arguments (including, by reference seven points raised in prior proceedings in which a petition for writ of mandate was denied by Division Three of this court (1 Civ. 29430, September 19, 1967)), and two memoranda of points and authorities filed with the trial court, the latter of which presents reasons A to Z in support of the proposition that the vexatious litigants law is unconstitutional, and 28 "brief points for thought which cannot be enlarged upon for lack of time." His contentions may be narrowed to the following issues: (1) the constitution-

---

[1]Plaintiff concedes that a prior notice of appeal from the order requiring security, which is noted in the index of the clerk's transcript, was from a nonappealable order and premature. Consequently he did not perfect an appeal under that notice.

ality of the law involved, (2) the adequacy of the showing made by the defendant to support the order and the judgment; and (3) the propriety of other rulings, made before and after the order requiring security and prior to judgment, as they affected the right of plaintiff to have an adequate hearing on the issues raised by the demand for security.

It is concluded that plaintiff's attacks on the constitutionality of the vexatious litigant statute are unwarranted; that there were irregularities which prevented plaintiff from having an adequate hearing on the issues raised by defendant's motion for security; and that the judgment must be reversed because the showing made by the defendant was inadequate to support the order upon which the judgment was predicated.

The pertinent facts are set forth below in connection with the points to which they relate.

*Constitutionality*

In *Taliaferro* v. *Hoogs* (1965) 236 Cal.App.2d 521 [46 Cal.Rptr. 147], in an opinion by Justice Taylor of Division Two of this court, the constitutionality of the provisions embraced in the vexatious litigants statute was upheld against many of the grounds of attack now raised by plaintiff. Plaintiff requests that the conclusions expressed in that opinion be reappraised, and that this court exercise its prerogative to come to an independent and different decision. (See 3 Witkin, Cal. Procedure (1954) Appeal, § 221, p. 2436, and 1967 Supp., pp. 1023-1024.) He further urges that new points, not presented in that case, require a different conclusion. An examination of the reasoning in the earlier case indicates that it is sound, and that it should be followed on the issues it resolved. The further issues raised by plaintiff, when examined, do not raise points which impair the constitutionality of the act.

In *Taliaferro* v. *Hoogs, supra,* the court reviewed the history of the adoption of the statute (236 Cal.App.2d at pp. 525-526), and overruled the following contentions: (1) that the statute unlawfully discriminates against litigants proceeding in propria persona (*id.,* p. 527); (2) that the statute discriminates against a group of litigants who are too poor to afford attorneys (*id.*); (3) that the statute is unconstitutional as a deprivation of due process of law because it imposes unreasonable terms upon which the state will permit litigation in its courts (*id.* p. 528); (4) that the language "there is no reasonable probability that he will prevail" as found in section 391.1[2] fails to meet the constitutional requirements of certainty (*id.,*

---

[2]Code of Civil Procedure section 391.1 provides: "In any litigation, at any time within 30 days after service of summons or other and equivalent process upon him, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security. The motion must be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a

p. 529); and (5) that the statute unconstitutionally deprives the litigant found to be within its terms of a jury trial on the issues leading to that determination (*id.*).[3]

■ In these proceedings the petitioner has attacked, word by word, the definitions of "vexatious litigant" found in paragraphs (1) and (2) of subdivision (b) of section 391.[4] He claims in 45 particulars that the provisions are uncertain, ambiguous, vague, indefinite, unintelligible and too broad. A reading of the questioned language, in the light of common

---

reasonable probability that he will prevail in the litigation against the moving defendant."

Similar language is contained in section 391.3 which reads: "If, after hearing the evidence upon the motion, the court determines that the plaintiff is a vexatious litigant and that there is no reasonable probability that he will prevail in the litigation against the moving defendant, the court shall order the plaintiff to furnish, for the benefit of such moving defendant, security of such nature, in such amount, and within such time, as the court shall fix. The amount of such security may thereafter from time to time be increased or decreased in the court's discretion upon a showing that the security provided has or may become inadequate or excessive."

[3]In the earlier case the court noted as an alternative ground of decision that the plaintiff had waived the right to a jury trial by his failure to request it. (Code Civ. Proc., § 631.) In the instant case the plaintiff filed a demand for a jury trial on the defendant's motion for security 21 days after defendant's motion was filed, and four days after the date on which it was set for hearing. The demand, if proper, was not timely. (See, Code Civ. Proc., § 631, subd. 4.)

[4]Section 391 provides: "As used in this title, the following terms have the following meanings:

"(a) 'Litigation' means any civil action or proceeding, commenced, maintained or pending in any court of this State.

"(b) 'Vexatious litigant' means any person:

"(1) Who, in the immediately preceding seven-year period has commenced, prosecuted or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to him; or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing; or

"(2) Who, after a litigation has been finally determined against him, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of such determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by such final determination against the same defendant or defendants as to whom the litigation was finally determined.

"(c) 'Security' means cash, undertaking by a surety, or other security, of such nature and in such amount as may be fixed by the court, to assure payment, to the party for whose benefit such security is required to be furnished, of such party's reasonable expenses, including attorney's fees and not limited to taxable costs, incurred in or in connection with a litigation instituted, caused to be instituted, or maintained or caused to be maintained by a vexatious litigant.

"(d) 'Plaintiff' means the person who commences, institutes or maintains a litigation or causes it to be commenced, instituted or maintained.

"(e) 'Defendant' means a person (including corporation, association, partnership and firm) against whom a litigation is brought or maintained or sought to be brought or maintained."

English usage and the definitions found in other subdivisions of section 391, reveals that this attack is groundless.

■ He contends that the provisions for "security," as defined in section 391, subdivision (c) (fn. 4 above), and used in sections 391.1 and 391.3 (fn. 2 above), are likewise vague and indefinite, fail to establish a basis or standard for the determination of what amount of security is to be required, leave it to the arbitrary will of the judge to fix the amount demanded of the litigant, and thereby promote unequal protection of the law by diverse and different requirements dependent upon the whim of the particular judge. In *Beyerbach* v. *Juno Oil Co.* (1954) 42 Cal.2d 11 [265 P.2d 1], in upholding the constitutionality of the provisions of section 834 of the Corporations Code, which require the posting of security in a stockholder's derivative suit, the court observed: ". . . it is only *reasonable* expenses in an amount to be determined by the court on notice and hearing which plaintiff may be required to secure. [Citation.]" (42 Cal.2d at p. 24.) The stockholder's statute expressly provides, in part: "At the hearing . . . the court shall consider such evidence . . . as may be material: . . . (b) to a determination of the probable reasonable expenses, including attorney's fees, of the corporation and the moving party which will be incurred in the defense of the action. . . ." (Corp. Code, § 834, part.) The vexatious litigant statute contains no such express mandate.[5] Nevertheless, the amount of the security is defined as the moving party's "reasonable expenses, including attorney's fees and not limited to taxable costs, incurred in, or in connection with" the litigation. The statute directs that this amount shall be fixed by the court (see § 391, subd. (c) and § 391.3, fns. 2 and 4 above).

"It is a well-known principle that when attorneys' fees are requested the court does not need separate evidence to establish the reasonable value of whatever should be justly awarded, the theory being that the trial judge is competent from his own knowledge of legal practice to fix the amount of the fees. [Citations.]" (*Spencer* v. *Harmon Enterprises, Inc.* (1965) 234 Cal.App.2d 614, 621 [44 Cal.Rptr. 683]. See also, *Scott, Blake & Wynne* v. *Summit Ridge Estates, Inc.* (1967) 251 Cal.App.2d 347, 358 [59 Cal.Rptr. 587]; *Kaiser* v. *Easton* (1957) 151 Cal.App.2d 307, 315 [311 P.2d 108]; and *Olson* v. *Basin Oil Co.* (1955) 136 Cal.App.2d 543, 562 [288 P.2d 952].) The statute is not unconstitutionally vague with respect

---

[5]Code of Civil Procedure section 391.2 provides: "At the hearing upon such motion the court shall consider such evidence, written or oral, by witnesses or affidavit, as may be material to the ground of the motion. No determination made by the court in determining or ruling upon the motion shall be or be deemed to be a determination of any issue in the litigation or of the merits thereof." The "ground of the motion" is referred to in section 391.1 (see fn. 2 above).

to the amount of security. Whether the record supports the amount of the security fixed in this instance is discussed below.

Plaintiff asserts that the definition of "vexatious litigant" in the first paragraph of subdivision (b) of section 391 (fn. 4, *ante*) is arbitrary and unreasonable because an adverse determination or a delay in prosecuting "five litigations" might be of little significance if the litigant had successfully prosecuted a vastly greater number of actions. ■ This argument overlooks the fact that an order to furnish security may not be made in every action or proceeding commenced, maintained or pending on behalf of a "vexatious litigant," but can only be made when "the court determines . . . that there is no reasonable probability that he will prevail in the litigation against the moving defendant." It may be assumed that the trial court will recognize that success breeds success when it is proper to do so.

■ Plaintiff's argument that the second definition of "vexatious litigant" (§ 391, subd. (b)(2)) is superfluous because relitigation is already precluded by the doctrine of res judicata is one that may more properly be addressed to the Legislature. "The vexatious litigant who attempts to relitigate actions or issues already determined against him should have no ground for complaint. His claim is already barred by other established principles of law, and his rights are in no way modified by the statute." (Comment, *The Vexatious Litigant* (1966) 54 Cal. L.Rev. 1769, 1778, fns. omitted.)

He also contends that the court in the earlier decision (236 Cal.App.2d at pp. 526-527) erroneously applied the principles enunciated in *Cohen* v. *Beneficial Industrial Loan Corp.* (1948) 337 U.S. 541 [93 L.Ed. 1528, 69 S.Ct. 1221] and *Beyerbach* v. *Juno Oil Co., supra,* 42 Cal.2d 11, to the vexatious litigant statute because the right of one party, the stockholder, to sue for the benefit of another nonconsenting party, the corporation, is of a special nature which may more appropriately be attended by burdensome conditions for the benefit of the second party, than is the case with the right of the ordinary citizen seeking relief in the courts. (See Comment, *op.cit.,* 54 Cal. L.Rev. 1769, 1779, fn. 49.) ■ It is, however, generally established that the state may set reasonable terms on which it will permit litigation in its courts. (See *County of Sutter* v. *Superior Court* (1966) 244 Cal. App.2d 770, 773 [53 Cal.Rptr. 424], and Comment, *op. cit.,* at p. 1777, fn. 40.) *Taliaferro* v. *Hoogs, supra,* demonstrates that the classification of persons to whom the statute applies, and the terms imposed are reasonable. (236 Cal.App.2d at pp. 527-529.)

Plaintiff asserts that the statute conflicts with the unquestioned right of a person to sue *in forma pauperis* (see *Isrin* v. *Superior Court* (1965) 63

Cal.2d 153, 165 [45 Cal.Rptr. 320, 403 P.2d 728], and *Martin* v. *Superior Court* (1917) 176 Cal. 289, 293-297 [168 P. 135, L.R.A. 1918B 313]). His standing, as a supplicant pauper, to raise this issue is not revealed by the record. Nevertheless, it is noted that in *Martin* v. *Superior Court, supra,* the court recognized that, ". . . the court may call for a sufficient affidavit of merits, or indeed for any other form of satisfactory evidence before issuing its order allowing an action to be *commenced in forma pauperis, . . .*" (176 Cal. at p. 299.) ■ The ability to make such a showing is inconsistent with a determination that there is no reasonable probability that the applicant will prevail in the litigation. The restriction and the right are complementary not conflicting. Moreover, if a conflict were possible, it is established that the statutory restriction would have to yield to the common law right to proceed *in forma pauperis.* (See, *Roberts* v. *Superior Court* (1968) 264 Cal.App.2d 235, 238-241 [70 Cal.Rptr. 226] [undertaking on appeal from justice's court, Code Civ. Proc., § 978]; *Bank of America* v. *Superior Court* (1967) 255 Cal.App.2d 575, 578 [63 Cal.Rptr. 366] [security for costs from a non-resident, Code Civ. Proc., § 1030]; and *County of Sutter* v. *Superior Court* (1966) 244 Cal.App.2d 770, 773-776 [53 Cal.Rptr. 424] [undertaking for costs in an action against a public entity, Gov. Code, § 947].)

The multitudinous and variegated "points," "propositions" and "arguments" advanced by plaintiff before this court and the trial court possibly may yield further recognizable constitutional grounds for attack on the statute. If so, they undoubtedly fall within the purview of the principles discussed above which have led to the rejection of plaintiff's attack on the validity of the code provisions. Attention is directed to the manner in which the statute was administered in this case.

### Procedural Due Process

Plaintiff's attacks on the procedures followed in the lower court may best be reviewed in chronological order as they arose during the course of the proceedings.

On July 7, 1967 plaintiff "in suo jure" filed his "Complaint Against Attorney for Malpractice."[6] According to plaintiff defendant was served so

---

[6]The complaint alleges that plaintiff, as agent of one Aronov, employed the defendant attorney on or about February 7, 1966 to defend and sue for Aronov, who was named as a defendant in a quiet title action numbered 112,833 in San Mateo County; that the attorney, on or about September 7, 1967, undertook and presumed and agreed to defend and sue on behalf of plaintiff's principal; that the attorney agreed to do 11 specific acts on her behalf; that the attorney failed to defend and to prosecute the claim of Aronov; that a default was entered against her; that she had a meritorious claim, and by reason of the negligence of the attorney the plaintiff has been damaged generally in the sum of $100,000, $25,000 for loss of realty, and $1,000 for special damages.

that his time to answer, demur, appear or otherwise move in response to the complaint expired on July 20, 1967. On July 21, 1967, the defendant filed his notice of motion, dated July 20, 1967, to declare the plaintiff a vexatious litigant and for security under the provisions of sections 391-391.6 of the Code of Civil Procedure, August 7, 1967 was fixed as the date for presentation and hearing on the motion. It was accompanied by points and authorities, and the defendant's declaration.[7]

On the same day plaintiff filed his request for entry of default dated as of that day, July 21, 1967. According to the declaration filed by defendant, with his subsequent notice of motion to set aside default, an entry was made in the Registry of Actions on July 21, 1967, upon the filing of the notice of motion which reveals that it was filed prior to any request for entry of default. The plantiff's counterdeclaration does not expressly deny the foregoing, but it indicates that at 8:04 a.m., three minutes prior to the time he filed the request for entry of default, there was no paper in the file other than the complaint, and no entry in the Register of Actions, other than that relating to the filing of the complaint, and that the clerk affixed a certificate showing the entry of the default to the original complaint at 8:07 a.m.

Defendant's notice of motion to set aside default, accompanied by his declaration and points and authorities indicating reliance on the provisions of sections 391.6[8] and 473 of the Code of Civil Procedure was filed on July 26, 1967. The defendant secured an order shortening time for service, and designated the same date, August 7, 1967, as had been designated in his prior motion for presentation of this motion.

---

[7]Defendant's declaration alleges: "There is not a reasonable probability that the plaintiff will prevail in the litigation against the moving defendant." It sets forth a list of actions allegedly filed by the plaintiff in propria persona in the Municipal Court of the City and County of San Francisco (6 actions: 1 in 1962, 2 in 1965, 3 in 1966; there is no reference to the status of any of these actions other than the first, with respect to which it is alleged that nothing further was done afer a complaint was filed in unlawful detainer); in the Superior Court for the City and County of San Francisco (25 actions: 1 in 1960, 2 in 1961, 1 in 1962, 3 in 1963, 2 in 1964, 5 in 1965, 8 in 1966 and 3 in 1967; the last two actions filed in 1965 and those listed for 1966 and 1967 are designated as "still pending"; and a brief explanation of its status is appended to each of the prior actions); and in the Superior Court for San Mateo County (31 actions are designated by number alone without any designation by title). The declaration further lists 23 reported decisions of the District Court of Appeal from *Muller* v. *Martin* (1953) 116 Cal.App.2d 431 [253 P.2d 686] through *Muller* v. *Muller* (1965) 235 Cal.App.2d 341 [45 Cal.Rptr. 182], with the comment, "It appears that all of the above appeals were adverse to William Muller, with the exception of No. 6 [*Muller* v. *Reagh* (1957) 150 Cal.App.2d 99 [309 P.2d 826]], in which he recovered nominal costs."

[8]Section 391.6 of the Code of Civil Procedure provides: "When a motion pursuant to Section 391.1 is filed the litigation is stayed, and the moving defendant need not plead, until 10 days after the motion shall have been denied, or if granted, until 10 days after the required security has been furnished and the moving defendant given written notice thereof."

On July 28, 1967, plaintiff filed his counterdeclaration in opposition to motion to set aside default. No separate declaration was filed in opposition to the motion for security, but plaintiff alleged, in his counterdeclaration: "Thus, the said default is timely and valid, and defendant's Motion for security untimely and void, and filed subsequent in point of time and while he was out of court through his default; no order extending time having been secured or filed herein on July 20, 1967 or prior thereto."

On August 1st, plaintiff secured an order shortening time and filed a notice of motion for continuance of the hearings on defendant's motions which had been set for August 7th. In the motion defendant set forth "that certain matters pending in the San Mateo County Superior Court were continued to the identical time, to wit, August 7, 1967 at 9:30 A.M. over William Muller's objections but still the San Mateo Superior Court would not alter its ruling continuing the matters to the objectionable date, stating this plaintiff should make other arrangements with the San Francisco Superior Court." No declaration was filed in support of the motion. It was set for hearing on August 4th.

No record has been furnished of the hearing which transpired on August 4th. It may be reconstructed from other documents filed in the proceedings. Plaintiff's notice of motion to reconsider—and to vacate order denying a motion for a continuance, which was filed the same day and set August 14th for hearing, establishes that the motion was denied. The contents of the notice of that motion, of a letter which plaintiff addressed to the court the same day, and of a declaration filed August 9, 1967 in support of a further motion indicate that plaintiff objected to the defendant, an attorney, appearing on behalf of himself; that the court overruled this objection; that the court offered the plaintiff a continuance if he would waive any objections to the timeliness of the presentation of the defendant's motion to security as within the 30 days required by section 391.1 (see fn. 2 above); and that plaintiff would not waive any objections to the timeliness of the motion because he insisted that the motion for security could not be entertained because it was filed after defendant's default had been entered. So far as appears no affidavit or declaration was filed in support of the motion for a continuance, nor was any testimony taken on the issues raised by plaintiff's motion. In the letter he reviewed his request for a continuance either to the time fixed for hearing on his motion for reconsideration, August 14th, or to August 10th, or to August 8th.

Plaintiff now contends that the court abused its discretion in denying him the continuance as requested in his motion of August 4th, and he insists that the court erred in permitting the defendant, who had an attorney of record, to present his own case against the motion. On the latter point he

relies upon the following general principle, "The attorney of record has the exclusive right to appear in court for his client and neither the party himself nor another attorney should be recognized by the court in the conduct or disposition of the case. [Citations.]" (*Epley* v. *Califro* (1958) 49 Cal.2d 849, 854 [323 P.2d 91]. See also, *Wells, Fargo & Co.* v. *City etc. of San Francisco* (1944) 25 Cal.2d 37, 42 [152 P.2d 625]; *Board of Commissioners* v. *Younger* (1865) 29 Cal. 147, 149-150 [87 Am.Dec. 164]; and 1 Witkin, Cal. Procedure (1954), Attorneys, § 42, pp. 50-51.) ▮ He overlooks that the defendant in this case occupies a dual status—he is a party to the litigation and also an attorney and officer of the court. When he acts in this latter capacity with the ostensible authority of his attorney of record, he may be recognized as an associate attorney. (See *Wells, Fargo & Co.* v. *City etc. of San Francisco, supra,* 25 Cal.2d 37, 43; and *Johnson, Baker & Palmer* v. *Record Machine & Tool Co.* (1960) 183 Cal.App.2d 200, 206 [6 Cal.Rptr. 847].)

Plaintiff acknowledges that the trial court has a wide discretion in granting or denying continuances and that its decision will not be disturbed on appeal unless a clear abuse of discretion is shown. (See, *Estate of Kay* (1947) 30 Cal.2d 215, 225-226 [181 P.2d 1]; *Palomar Mortgage Co.* v. *Lister* (1963) 212 Cal.App.2d 236, 238 [27 Cal.Rptr. 863]; *Cohen* v. *Herbert* (1960) 186 Cal.App.2d 488, 493 [8 Cal.Rptr. 922]; and *Kalmus* v. *Kalmus* (1951) 103 Cal.App.2d 405, 413 [230 P.2d 57].) He relies on the following rule: "The trial judge must exercise his discretion with due regard to all interests involved. The denial of a continuance which has the practical effect of denying the applicant a fair hearing is often held reversible error. [Citations.]" (*Cohen* v. *Herbert, supra,* 186 Cal.App.2d at p. 494. See also, *Palomar Mortgage Co.* v. *Lister, supra,* 212 Cal.App. 2d at p. 239; and *Ross* v. *Thirlwall* (1929) 101 Cal.App. 411, 415 [281 P. 714].) ▮ "With reference to when, in a legal sense, discretion has been abused, it may be said that abuse of discretion occurs when in its exercise a court exceeds the bounds of reason, all of the facts and circumstances before it being considered. And the complaining party must affirmatively establish abuse of discretion. It is never presumed (*Silver* v. *Shemanski,* 89 Cal.App.2d 520, 529 . . .)" (*Kalmus* v. *Kalmus, supra,* 103 Cal.App.2d at p. 415. See also, *Palomar Mortgage Co.* v. *Lister, supra,* 212 Cal.App.2d at p. 239; and *Cohen* v. *Herbert, supra,* 186 Cal.App.2d at p. 493.) ▮ In the application of these principles it is generally held to be an abuse of discretion to deny a timely request for a continuance made on the ground of the unavoidable absence of a party whose presence is necessary for the proper prosecution of the matter before the court. (*Jaffe* v. *Lilienthal* (1894) 101 Cal. 175, 177 [35 P. 636], and see cases collected *Mann* v. *Pacific Greyhound Lines* (1949) 92 Cal.App.2d 439, at p. 445 [207 P.2d 105].) ▮ It is likewise error to refuse to grant a

continuance for the unavoidable absence of counsel. (*Palomar Mortgage Co.* v. *Lister, supra,* 212 Cal.App.2d 236, 238-239; *Eltzroth* v. *Ryan* (1891) 91 Cal. 584, 588 [27 P. 932]; *Thompson* v. *Thornton* (1871) 41 Cal. 626, 629; but cf. *Mann* v. *Pacific Greyhound Lines, supra,* 92 Cal.App.2d 439, 445-447, particularly cases collected at p. 446.) Plaintiff seeks to rely upon the close analogy to the facts in *Palomar Mortgage Co.* v. *Lister, supra,* particularly in view of his amended request by letter that the matter be continued, if but for one day, as was the situation which ultimately was presented in the cited case.

Two factors preclude interference with the ruling of the trial court. Although the requirement of an affidavit or declaration stating the facts and circumstances showing cause for postponement is not jurisdictional and may be excused (*Cohen* v. *Herbert, supra,* 186 Cal.App.2d 488, 493), the absence of a record of the proceedings on August 4th precludes a showing that such was the case. ▮ "Where no legal showing is made in support of the application for a continuance, it is not an abuse of discretion to deny the same." (*Ross* v. *Thirlwall, supra,* 101 Cal.App. 411, 417.) The declaration, discussed below, which was filed on August 9th could not avail the plaintiff or be of assistance to the court on August 4th.

▮ Secondly, the record indicates that the court was willing to grant the continuance on terms. It was not unreasonable to request plaintiff to waive any objections based on the 30-day clause. He could still preserve his right to object to the removal of the default. It is no error to deny the continuance when the movant refused to accept the conditions upon which it was offered. (*Eltzroth* v. *Ryan, supra,* 91 Cal. 584, 588.) No abuse of discretion has been demonstrated in connection with the denial of plaintiff's motion for a continuance on August 4th.

There remains for consideration the question of whether plaintiff was denied an adequate hearing on his motions to secure review or relief from the ruling denying him a continuance, and from the ruling on the motion for security which was made in his absence.

As noted above, following the denial of his motion for a continuance the plaintiff on August 4th filed his notice of motion to reconsider and vacate the order denying his motion for continuance, and set August 14th as the date of hearing the same. This motion was made on the grounds that the court erroneously overruled the plaintiff's objections and permitted the defendant himself to be heard in opposition to the motion for continuance, and that "the condition imposed by the court that plaintiff waive the statutory time for defendant to make his motion for security before it would grant plaintiff's motion for continuance, was void, unwarranted and

unnecessary. . . ." These contentions have been ruled groundless, the motion should have been denied, and no error can be predicated on the subsequent failure to hear and rule on it.

On August 7th, in the absence of plaintiff, the defendant appeared with his attorney, and with the latter's silent acquiescence presented the two motions set for that day. No new evidence was presented. The defendant represented to the court that he filed his motion at 8 a.m. on July 21st, and that plaintiff appeared 10 minutes later and secured the entry of the default. He directed the court's attention to the provisions of section 391.6 (fn. 8 above) under which the filing of the motion stayed further proceedings. The court's order, entered in the minutes, granted the motion to set aside the default (a written order to this effect was signed August 15, 1967, and filed the following day), and granted the motion to have plaintiff declared a vexatious litigant, and fixed the security in the amount of $5,000 (a written order to this effect dated August 10, 1967, was filed August 28, 1967).

On August 9th plaintiff filed a notice of motion, set for August 28th, to vacate and set aside the minute orders granting each of defendant's motions on 16 grounds. In support of this motion plaintiff filed his declaration in which, for the first time, he set forth in detail under penalty of perjury the circumstances which necessitated his appearance in the San Mateo County Superior Court, and in which he narrated the subsequent proceedings he took to secure a continuance, as the same have been reviewed above.

On August 11th plaintiff filed a second notice of motion, also set for August 28th, to strike the motion of defendant for security and to vacate and set aside the minute orders of August 7, 1967, made thereon on seven grounds. In support of this motion plaintiff filed his declaration in which he purports to raise factual issues with respect to the matters set forth in the declaration which defendant filed in support of his motion for security. He also filed a memorandum of points and authorities and a supplement thereto which are set forth in 37 pages of the clerk's transcript, and the abortive demand for a jury trial which has already been noted (see fn. 3 above).

On or before August 14, 1967, the day fixed for hearing on plaintiff's motion to reconsider and vacate the order of August 4th which denied him a continuance, the plaintiff made a motion, apparently under section 170.6 of the Code of Civil Procedure to disqualify (peremptorily challenge) the judge who had acted in all of the proceedings reviewed above. The minutes reflect that on that date the court ordered the motion to disqualify submitted. The minutes reflect no reference to the pending matters.

Thereafter, the two motions originally set for hearing on August 28th

were regularly continued to September 14, 1967. On that occasion a second judge, who as acting presiding judge had assigned the matters to himself, ruled as set forth in the following minute order: "In this matter, plaintiff appeared in propria persona, and Sal C. Balistreri, Esq., appeared as counsel on behalf of the defendant and the Court being advised finds that orders previously made on August 10, 1967 and August 15, 1967, to wit: Order Declaring plaintiff a Vexatious Litigant and Security and Order Setting Aside default and entry of Default are valid and the Court further Finds that There is nothing Before the Court at this time, said matters having been previously rule[d] upon by [the disqualified] Judge. . . ." Reference to the reporter's transcript of the proceedings on that day indicates that the plaintiff expressly directed the court's attention to the fact that the motions initiated by him on August 9th and 11th were pending before the court. The judge stated, "My position is simply this: There is nothing to be heard. Judge Drewes has made an order, period. Any vacation of that order will have to be made by Judge Drewes and not by myself or by any other judge." On September 15, 1967, plaintiff applied to this court for a writ of mandate to compel the superior court to hold a hearing on his motions in a department other than that of the disqualified judge or that of the judge who had refused to act. This petition (1 Civ. 24930) was denied September 19, 1967, and on September 28, 1967 plaintiff filed his abortive notice of appeal (fn. 1 above).

On February 20, 1968, a judgment of dismissal for failure to furnish security (see Code Civ. Proc., § 391.4[9]) signed by the disqualified judge, which is dated "February 6, 1968" and recites "Presented and Signed February 14, 1968" was filed. This appeal ensued.

Plaintiff complains he has been denied due process of law because of the failure of the trial court to rule on his motions. ■ The second judge erred in concluding that there was nothing before the court on September 14th, and that said matters had previously been ruled on by the first judge. Insofar as the motions merely sought reconsideration of the merits of the issues raised by the defendant's original motions which were granted on August 7th, they did in effect present matters which had been previously ruled on by the original judge. Nevertheless, the trial court had jurisdiction to reconsider the matters disposed of by the earlier ruling and entertain a second motion. (See, *Josephson* v. *Superior Court* (1963) 219 Cal.App. 2d 354, 358-360 [33 Cal.Rptr. 196]; *City & County of San Francisco* v. *Muller* (1960) 177 Cal.App.2d 600, 603 [2 Cal.Rptr. 383]; and Code Civ. Proc., § 1008.) The court having such jurisdiction, the plaintiff was

[9]Section 391.4 of the Code of Civil Procedure provides: "When security that has been ordered furnished is not furnished as ordered, the litigation shall be dismissed as to the defendant for whose benefit it was ordered furnished."

entitled to request the court to exercise it. If it is apparent to the court that the subsequent motion is based upon substantially the same grounds, and seeks substantially the same relief as a preceding motion, the court may summarily deny it without further reconsideration (*City & County of San Francisco* v. *Muller, supra,* 177 Cal.App.2d 600, 603); or it may give the matter reconsideration and deny it (*Josephson* v. *Superior Court, supra,* 219 Cal.App.2d 354, 358, fn. 1, and accompanying text); or give the matter reconsideration and reverse the prior decision (*Hover* v. *Mac-Kenzie* (1954) 122 Cal.App.2d 852, 857 [266 P.2d 60]). There is no warrant for concluding that the notice of motion should be ignored. (See, Code Civ. Proc., § 1005.5.)

Among the grounds set forth in the notice of motion filed August 9th were the following: mistake, inadvertence, suprise and excusable neglect (see Code Civ. Proc., § 473) of plaintiff in permitting the orders to be made against him on August 7th; the improvidence, mistake of law and mistake of fact and abuse of discretion of the court in granting the motions; the abuse of the court's discretion in denying the motion for continuance on August 4th; the contention that the motion for security was void because made after the entry of defendant's default; and the unconstitutionality of the vexatious litigant statute. In the second motion based on the notice filed August 11th, the plaintiff directly attacked the sufficiency of defendant's showing as revealed by his declaration filed in support of the motion to require security, and as well his objections to the filing of the motion after the alleged entry of defendant's dafault, and to the constitutionality of the statute. None of these issues were ever directly passed upon by the trial court after a hearing on the merits.

The case is in the posture of *Riskin* v. *Towers* (1944) 24 Cal.2d 274 [148 P.2d 611, 153 A.L.R. 442]. There the defendant relied upon his motion to quash the service of summons. After it was denied and a default was entered against him, he sought and was denied relief under the provisions of section 473 of the Code of Civil Procedure. The court on appeal ordered the trial court to set aside the default judgment and permit the defendant to answer. It observed, "In the instant case defendant acted diligently and as is apparent from the foregoing discussion of the affidavits, vigorously resisted the issue of whether or not he had been served. It does not appear that defendant and his counsel were not reasonably mistaken in their beliefs. Defendant's counsel insisted that he believed his client and relied thereon, and was positive that the service would be quashed. Defendant squarely denied any service upon him. The fact that the court did not believe him as is evidenced by the denial of his first motion, does not require the conclusion that he did not believe that the court would believe him and quash the service. In our opinion the course which he followed in making

his first motion was reasonable and proper." (24 Cal.2d at pp. 278-279.) ▮▮▮ So in this case from all that appears in the record the plaintiff acted diligently first, in requesting the court for a continuance because of his inability to attend two hearings at once, and in relying, until his motion was denied, on the reasonable belief that it would be granted, and secondly in urging that the defendant's motion for security was interposed too late. The fact that the court did not believe him and refused to give him an opportunity to be heard on the merits, should not defeat his right to have the matter reopened when all of the facts, as set forth in his subsequent declarations were before the court.

In *Riskin* the court concluded, "The discretion of the lower court in ruling upon matters under section 473 is a legal discretion, not an arbitrary one, and from the circumstances appearing we believe it is clear that the default judgment should have been set aside." (*Id.* at p. 279.) So here the plaintiff should have been granted a hearing on the merits of defendant's motion.

The error in denying this hearing is not prejudicial if the entire record before the trial court does not establish the merit of plaintiff's contentions. Insofar as his attack upon the order relieving defendant from his default is concerned, no new facts were presented. The order made upon the respective declarations filed before August 7th should stand. With respect to the order requiring security, the record, as reviewed below, fails to sustain the order. A further hearing should be had on the merits.

▮▮▮ The second judge displayed a proper reticence to review the rulings of his associate. A motion for new trial "shall be heard and determined by the judge who presided at the trial; provided, however, that in case of the inability of such judge or if at the time noticed for hearing thereon he is absent from the county where the trial was had, the same shall be heard and determined by any other judge of the same court. . . ." (Code Civ. Proc., § 661.) By rule of court (rule 236) similar provisions govern the hearing of a motion to vacate a judgment under section 663 of the Code of Civil Procedure. The policy behind those provisions dictates that a motion to vacate an order should be heard by the judge who made the order whenever possible.

The plaintiff could not defeat this policy by filing a motion to disqualify pursuant to the provisions of section 170.6 of the Code of Civil Procedure. The applicable principles are set forth in *Andrews* v. *Joint Clerks etc. Committee* (1966) 239 Cal.App.2d 285 [48 Cal.Rptr. 646]. There this court reviewed the effect of the filing of the affidavit of prejudice, and pointed out and marshalled the precedents for the principle that ". . . since the motion for disqualification under section 170.6 'must be made before

the trial has commenced, it cannot be entertained as to subsequent hearings which are a part or a continuation of the original proceedings.' (*Jacobs* v. *Superior Court* (1959) 53 Cal.2d 187, 190 . . . [other citations omitted].)" (239 Cal.App.2d at p. 294.) See also *Schonberg* v. *Perry* (1966) 247 Cal.App.2d 436, 438 [55 Cal.Rptr. 579]; and cf. *Oksner* v. *Superior Court* (1964) 229 Cal.App.2d 672, 689-690 [40 Cal.Rptr. 621].) Provisions of the section added in 1965 (Stats. 1965, ch. 1442, § 1, p. 3375; and see Stats. 1967, ch. 1602, § 2, p. 3832) may permit interposition of such a disqualification where new issues are raised despite a continuation of the original proceedings. (See, *Ball* v. *City Council* (1967) 252 Cal.App.2d 136, 146 [60 Cal.Rptr. 139].) These provisions, however, do not affect the application of the established rules to the situation presented by this case, where the litigant is seeking a hearing which would not only be a part or a continuation of the original proceedings, but more specifically would constitute a review of those proceedings.

In this case the first judge should have disregarded the challenge insofar as the motions to vacate were concerned, and the second judge, instead of disregarding the motions, should have transferred them back to the original department.

*Sufficiency of the Evidence*

▮ The requisites for an order to furnish security are set forth in section 391.3 (fn. 2 above). It is not, as contended by plaintiff, necessary to make findings on the issues thereby presented. (*Taliaferro* v. *Hoogs, supra,* 236 Cal.App.2d 521, 530.)

It will be assumed that defendant's declaration filed July 11, 1967, (fn. 7 above) sets forth sufficient facts to support a determination that plaintiff is a vexatious litigant as that term is defined in paragraph (1) of subdivision (b) of section 391 (fn. 4 above), and that plaintiff's declaration filed August 11, 1967, does not raise any factual issue which would materially affect such a determination.[10] There is no assertion in this case that paragraph (2) should be applied. ▮ Plaintiff's contention that the "seven-year period" referred to in the statute can only commence with the effective date of the statute, and that "litigations" commenced prior to September 20, 1963, cannot be included in any computation under the statute is rejected. The statutory language provides no such limitation; nor is it unconstitutional to create a classification predicated upon criteria which happen to exist before the adoption of the law

---

[10]No attempt has been made to analyze the allegations of either declaration to determine how many, if any, of the actions referred to precisely fit the statutory definition, or to what extent the existence or status of the actions has been questioned by plaintiff's declaration. These are matters to be resolved by the trial court.

establishing those criteria. (See *People* v. *d'A Philippo* (1934) 220 Cal. 620, 623 [32 P.2d 962].)

The second prerequisite is that there is no reasonable probability that the plaintiff will prevail in the litigation against the defendant. The only evidence on this point is the complaint itself and the conclusion, expressed in the statutory language, in defendant's affidavit. "An affidavit which merely repeats the language or substance of the statute is not sufficient. Unavoidably the statute cannot go into details, but is compelled to content itself with a statement of the ultimate facts which must be made to appear, leaving the detail to be supplied by the affidavit from the facts and circumstances of the particular case. Between the statute and the affidavit there is a relation which is analogous to that existing between a pleading and the evidence which supports it. The ultimate facts of the statute must be proved, so to speak, by the affidavit, by showing the probatory facts upon which each ultimate fact depends. These ultimate facts are conclusions drawn from the existence of other facts, to disclose which is the special office of the affidavit. . . . To hold that a bald repetition of the statute is sufficient is to strip the Court or Judge to whom the application is made of all judicial functions and allow the party himself to determine in his own way the existence of jurisdictional facts—a practice too dangerous to the rights of defendants to admit of judicial toleration. The ultimate facts stated in the statute are to be found, so to speak, by the Court or Judge from the probatory facts, stated in the affidavit, before the order for publication can be legally entered." (*Ricketson* v. *Richardson* (1864) 26 Cal. 149, 153. See also, *County of Yolo* v. *Knight* (1886) 70 Cal. 431, 433-435 [11 P. 662]; *Waco-Porter Corp.* v. *Superior Court* (1963) 211 Cal.App.2d 559, 567 [27 Cal.Rptr. 371]; and 2 Cal.Jur.2d, Affidavits, § 20, pp. 629-630.) In *County of Yolo* v. *Knight, supra,* the court held, "The statement in the affidavit that the plaintiff has a good cause of action against the defendant, and that the defendant is a necessary and proper party thereto, is a statement of opinion or belief, and not of facts." (70 Cal. at p. 435.) If the statement that a good cause of action exists is conclusionary and not evidential, a statement to the contrary can rise to no greater dignity.

The general rules applicable to a proceeding of this nature, and the cases applying them, were set forth by this court in *Burt* v. *Irvine Co.* (1965) 237 Cal.App.2d 828 [47 Cal.Rptr. 392], as follows: "Under the provision of section 834 of the Corporations Code the basic question is whether or not the trial judge abused his discretion in determining that there was no reasonable possibility that the prosecution of this action would benefit the Company and its shareholders. . . .

"The burden of establishing the statutory condition is on the party moving for security. . . . Where the evidence is conflicting the implied finding of the trial court, if based on sufficient evidence, is binding upon the

appellate court. [Citations and footnote omitted.]" (237 Cal.App.2d 828, at pp. 867-868.) Examination of the precedents therein collected reflects that in each case where the sufficiency of the evidence was questioned, the movant had presented evidence, not conclusions, on crucial issues. The same is true in the cases arising under the vexatious litigant statute. (Cf. *Taliaferro* v. *Hoogs* (1965) 237 Cal.App.2d 73, 74 [46 Cal.Rptr. 643] ["rehash of claims"]; and *Taliaferro* v. *Hoogs, supra,* 236 Cal.App.2d 521, 525 ["the matters raised . . . had already been determined in many prior actions" etc.].) It is further noted that section 391.2 (fn. 5 above) requires the court, at the hearing on the motion to "consider such *evidence,* written or oral, by witnesses or affidavit, as may be material to the ground of the motion." (Italics added.)

█ The judgment must fall because there was no evidence to sustain one of the two props upon which the order on which it was predicated must stand.

█ Plaintiff has also attacked the sufficiency of the evidence to sustain that part of the court's order fixing the amount of security at $5,000. In upholding the constitutionality of the provisions of the statute dealing with this subject it was noted that the judge could fix the amount of the fees from his knowledge of legal practice. This, however, does not mean that he can, as was done in this case, look at a complaint and determine, without further evidence, the time and labor which will be expended to defeat the claim. Not even the nature of defendant's defense was disclosed. In *Taliaferro* v. *Hoogs, supra,* the movant alleged "that because of the many actions (both past and pending), considerable research respecting the concluded and pending actions would be necessary" and an estimate of the expenses was suggested. (236 Cal.App.2d at p. 525.) Similar presentations are found in the cases where the amount of security under section 834 of the Corporations Code has been questioned. (See, *Beyerbach* v. *Juno Oil Co., supra,* 42 Cal.2d 11, 25-26; *Thomas* v. *Summers Gyroscope Co.* (1958) 160 Cal.App.2d 234, 245-246 [324 P.2d 893]; *Kaiser* v. *Easton, supra,* 151 Cal.App.2d 307, 315; and *Olson* v. *Basin Oil Co.* (1955) 136 Cal.App.2d 543, 561-562 [288 P.2d 952].) From all that appears in the record of this case the sum of $5,000 was picked out of thin air. This part of the original order cannot be sustained.

Plaintiff's attack on the defendant's appearance on his own behalf is twofold. It has already been pointed out that this factor did not, as contended by plaintiff, void the proceedings in which defendant himself appeared. Plaintiff then asserts that if defendant is permitted to appear personally he should not be allowed, and ergo, should not be allowed security for, attorney's fees which are not actually incurred. The "reasonable expenses, including attorney's fees and not limited to taxable costs

incurred in or in connection with" the litigation which shall be allowed cannot be determined until the completion of the suit. (§ 391.5[11]; and see *Beyerbach* v. *Juno Oil Co., supra,* 42 Cal.2d 11, 26.) If the plaintiff fails to furnish security as ordered, or if he does and subsequently prevails in the litigation, the question is rendered moot. If the litigation is determined adversely to plaintiff the amount of time and effort put forth by defendant and by his. attorney of record, respectively, will be definitely ascertainable. It is more appropriate to then determine whether or not the court should recognize that a lawyer's time is his stock in trade. ▪ Meanwhile, it is no injustice to the vexatious litigant to have him give security for what at the time of hearing appears to be necessary to assure payment of the reasonable expenses contemplated by the statute. The question of whether he is to secure a windfall because his adversary chooses to represent himself is not relevant at that time.

The Judgment of Dismissal filed February 20, 1968, is reversed. The case is remanded with directions to grant the plaintiff's pending motions insofar as they seek to vacate the Order Declaring Plaintiff a Vexatious Litigant and for Security filed August 28, 1967, and the minute order of August 7, 1967, upon which it is predicated, and to reset the matter for hearing upon defendant's Motion to Declare Plaintiff a Vexatious Litigant and for Security upon such evidence, written or oral by witnesses or affidavit, including that contained in the declarations now on file, as may be material to the ground of the motion. The Order Setting Aside Default and Entry of Default filed August 16, 1967, is affirmed, without costs to defendant.

Molinari, P. J., and Elkington, J., concurred.

On January 6, 1970, the opinion was modified to read as printed above.

---

[11]Code of Civil Procedure section 391.5 provides: "Upon the termination of the litigation the defendant shall have recourse to the security in such amount as the court shall determine."