Filed 6/5/13  In re Findings of Parvizian CA2/2
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re Finding of<br><br>    SYRUS PARVIZIAN<br><br>As a Vexatious Litigant. | B247787 |

Syrus Parvizian, in pro. per.

## BACKGROUND

Since 2004, Syrus Parvizian has filed 25 proceedings in this court, either appeals or original writ proceedings.  Each case was resolved adversely to Parvizian.  Although Parvizian enlisted counsel to represent him in some of the proceedings (at least initially), he filed many of the proceedings in propria persona.

On April 8, 2013, we issued an order directing Parvizian to show cause why we should not find him to be a vexatious litigant within the meaning of Code of Civil Procedure section 391, subdivision (b)(1).  That section defines a "vexatious litigant" as a person who, "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii)

unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing."[1] In the order to show cause, we identified 11 proceedings in this court in which Parvizian represented himself, and which were resolved adversely to him.[2] These proceedings, briefly summarized, are as follows:

***B194981, B197281 and B204329***.  These three appeals concern the dissolution of Parvizian's marriage to Malak Parvizian.  The Parvizians married in 1967, separated in 1997, and litigated for more than 10 years thereafter.  In 2008, Parvizian unsuccessfully appealed from an order denying his fourth motion to vacate a default judgment entered against him (B194481) and from an order granting Malak Parvizian's motion for an order for the sale of property Parvizian owned.  (B197281)  In September 2008, Division Five affirmed a superior court order awarding costs to Malak Parvizian (B204329).

***B200401, B201877 and B203482***.  Parvizian was formerly employed by the State of California, Department of Transportation (Caltrans).  He filed two superior court complaints, one for damages based on violations of Government Code section 12940 et seq. and the other for breach of contract and other claims.  The cases were consolidated. Caltrans propounded requests for admissions, which were deemed admitted when Parvizian failed to respond.  Parvizian filed a petition for writ of mandate (B200401) which Division Five of this court denied on July 19, 2007.  Two months later, after his superior court case had already been dismissed, Parvizian filed a second petition (B201877).  Division Five denied the petition on September 14, 2007.  Division Five affirmed the judgment of dismissal on September 12, 2008.  (B203482).

***B215608***.  Parvizian filed another lawsuit against Caltrans.  This new case was virtually identical to the cases that had previously been dismissed.  The new case was

---

[1]     The vexatious litigant statutes do not apply solely to the trial courts.  Each writ petition and appeal constitutes "litigation."  *(McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1216.)

[2]     We have taken judicial notice of this court's records in all 25 proceedings.  (Evid. Code, § 452, subd. (d).)

2

dismissed following a demurrer and motion for judgment on the pleadings. Division Five affirmed the judgment of dismissal on October 14, 2010.

*B227380.* Parvizian was also employed for a time by Sears, Roebuck and Co. as an air conditioning service technician. Claiming he had been injured while lifting heavy equipment on the job, Parvizian filed for worker's compensation benefits. He filed a petition for writ of review challenging three separate adverse rulings from the Workers Compensation Appeals Board. Division Four of this court denied the petition on January 14, 2011.

*B235558.* In December 2010, Parvizian filed a lawsuit against Caltrans, the County of Los Angeles and Malak Parvizian, for breach of fiduciary duty, legal malpractice, "abuse of discretion," breach of a written employment agreement, and several causes of action based on alleged fraud. The factual allegations generally concerned two subjects: the termination of Parvizian's employment with Caltrans (alleged to have taken place in 2003), and orders made by the family law court permitting the County of Los Angeles to deduct unpaid child support payments from Parvizian's Caltrans paycheck. This lawsuit was dismissed on demurrers. Division Five affirmed the judgment of dismissal on August 3, 2012.

*B236475.* Petitioner filed a limited jurisdiction action against Karuna Dharma. A jury trial resulted in a defense verdict. Parvizian filed an appeal in the appellate division of the superior court. The appellate division dismissed the appeal. Parvizian filed a petition to transfer the case to this court, without any showing as to why transfer was necessary to "secure uniformity of decision or to settle an important question of law." (Cal. Rules of Court, rule 8.1006(c)(3).) Division Eight denied the petition to transfer on October 12, 2011.

*B247384.* Parvizian filed a limited jurisdiction action against the City of Los Angeles after his car was towed and, he contends, damaged. The City prevailed in the lawsuit. Parvizian filed an appeal and the appellate division of the superior court affirmed the judgment on February 5, 2013. After the appellate division denied Parvizian's motion for reconsideration, he filed a petition to transfer the matter to this

court.  Parvizian once again failed to make any showing as to why transfer was necessary to secure uniformity of decision or to settle an important question of law.  He simply argued that the appellate division was wrong.  This division denied the petition for transfer on March 18, 2013.

## DISCUSSION

"The purpose of the vexatious litigant statutes 'is to address the problem created by the persistent and obsessive litigant who constantly has pending a number of groundless actions and whose conduct causes serious financial results to the unfortunate objects of his or her attacks and places an unreasonable burden on the courts.'"  (*In re Kinney* (2011) 201 Cal.App.4th 951, 957-958.)  "The constant suer for himself becomes a serious problem to others than the defendant he dogs. By clogging court calendars, he causes real detriment to those who have legitimate controversies to be determined and to the taxpayers who must provide the courts."  (*Taliaferro v. Hoogs* (1965) 237 Cal.App.2d 73, 74.)

Parvizian qualifies as a vexatious litigant under Code of Civil Procedure section 391, subdivision (b)(1), because, in the eight and one-half year period prior to the issuance of the order to show cause, he "commenced, prosecuted, or maintained in propria persona" 11 litigations in this court that were finally determined adversely to him. In his response to the order to show cause, Parvizian attempts to re-argue the merits of each case, and suggests that if we issue a pre-filing order we would validate various frauds committed against him by the other litigants, attorneys, and even judges involved in these cases.  The merits of these cases were considered at the time the cases were litigated.  The only relevant inquiry in this proceeding is whether Parvizian's actions meet the statutory requirements of Code of Civil Procedure section 391, subdivision (b)(1).  They do.

4

## **DISPOSITION**

Syrus Parvizian is declared to be a vexatious litigant. (Code Civ. Proc., § 391, subd. (b)(1).) This opinion shall serve as a prefiling order prohibiting Parvizian from filing any new litigation in the courts of this state without first obtaining leave of the presiding judge. (Code Civ. Proc., § 391.7, subd. (a).) Disobedience of this order will be punished as a contempt of court. (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1170.) This applies to appeals and writ petitions, as well as new litigation in the trial court. The clerk of this court is directed to provide a copy of this opinion and order to the Judicial Council. (Code Civ. Proc., § 391.7, subd. (f).)

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, P. J.
BOREN

We concur:


_____, J.
ASHMANN-GERST


_____, J.
CHAVEZ

5