[S. F. No. 3850.   Department One.—May 21, 1904.]

## E. MYRON WOLF, Appellant, v. BOARD OF SUPERVISORS OF COUNTY OF SANTA CLARA et al., Respondents.

APPEAL—MOTION TO DISMISS—ORDER APPEALED FROM IN BILL OF EXCEPTIONS.—Where the settled bill of exceptions, properly certified, contains the order appealed from, a motion to dismiss the appeal because the order does not elsewhere appear in the transcript is not tenable.

ID.—APPEALABLE ORDER—MODIFICATION OF PRELIMINARY INJUNCTION.—An order modifying a preliminary injunction is an appealable order.

ID.—ERROR IN ORDER NOT CONSIDERED.—Upon a motion to dismiss an appeal from an appealable order set forth in the record, the transcript will not be examined to discover whether the court improperly made the order, or whether the transcript fails to show the papers used on the hearing in the court below, upon which the court acted in making the order appealed from, which can only be considered upon the hearing of the appeal.

MOTION to Dismiss an Appeal from an order of the Superior Court of Santa Clara County modifying a preliminary injunction. S. F. Leib, Judge.

The facts are stated in the opinion of the court.

E. Myron Wolf, Appellant, *in pro. per.*

J. H. Campbell, District Attorney, and C. W. Cobb, for Respondent.

VAN DYKE, J.—This is a motion to dismiss the appeal.

The first ground on which the motion is based is, that the transcript on appeal does not contain a copy of the order appealed from.

The transcript contains the bill of exceptions in which is set forth the order appealed from. The bill of exceptions was settled and adopted by the judge of the court from which the appeal is taken, and filed in said cause by the clerk of the said court, and in the clerk's certificate to the transcript he says: "I have compared the foregoing transcript with the original papers in the above-entitled action, now on file in my office, and with the orders therein made and entered on the minutes of said court, and that the said papers and orders therein contained are full, true, and correct copies of the following originals on file in this office, and of the whole thereof, to wit: complaint, demurrer to complaint, answer, demurrer to answer, notice of appeal, and bill of exceptions." This shows that the transcript does contain a copy of the order appealed from, certified by the clerk as correct.

Another ground is, that the order appealed from is not an appealable order. The order in question struck out all that portion of the preliminary injunction order mandatory in character, and therefore had the effect of dissolving the injunction to that extent, and from such an order the party injured or aggrieved thereby has the right of appeal. (*Fremont* v. *Merced Mining Co.,* 9 Cal. 19; *Hobbs* v. *Amador etc. Co.,* 66 Cal. 161.)

Another ground of the motion is, that the transcript on appeal fails to show the papers used on the hearing in the court below upon which the court acted in making and rendering the order appealed from. This question would involve the

examination of the transcript, and it has been often held in this court that this will not be done on a motion to dismiss the appeal. If an appeal has been properly taken from an order subject to be reviewed in this court, it cannot be dismissed upon the ground that the court below improperly made the order. That would involve an examination of the action of the court below, which can only be had upon the hearing of the appeal. (*Estate of Scott*, 124 Cal. 671, in which a number of former decisions of this court to the same effect are cited.)

The motion to dismiss is denied.

Shaw, J., and Angellotti, J., concurred.