[Civ. No. 15792. First Dist., Div. One. Mar. 8, 1954.]

WILLIAM MULLER, Appellant, v. JUSTICE'S COURT OF THE THIRD TOWNSHIP et al., Respondents.

William Muller, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondents.

WOOD (Fred B.), J.—■ *Question*: When a verified complaint charging a violation of section 499 of the Penal Code is presented to the judge of a justice's court, must the judge before filing the complaint and issuing process thereon examine the case, take evidence and determine therefrom that there is reasonable and probable cause to believe that the offense charged has been committed and that the defendant committed it?*

The answer is "No," demonstrated by the provisions of certain sections of the Penal Code.

Section 499 expressly declares that violation of its provisions is a "misdemeanor." Justice's courts have jurisdic-

---

*In the instant case such a complaint, charging such a violation by appellant within the territorial jurisdiction of a justice's court, was presented to and filed by the judge of that court, whereupon a warrant of arrest for the apprehension of appellant was issued.

Appellant then moved the justice's court to set the complaint aside upon the ground, among others, that before filing the complaint and issuing the warrant of arrest the judge received no evidence (as was required, prior to the 1951 amendment of sections 806 and 813 and repeal of sections 811 and 812 of the Penal Code, when a complaint charging a felony was presented to a magistrate) showing reasonable or probable cause to believe that the offense charged had been committed or that appellant had committed it.

Upon denial of that motion, appellant petitioned the superior court for a writ of prohibition to restrain the justice's court from taking any further proceedings in the misdemeanor action.

From the judgment denying that petition, the present appeal was taken.

tion in "criminal cases amounting to misdemeanor only" (§ 1425). "Inferior courts" include justice's courts (§ 691). "Except as otherwise provided by law,[†] all public offenses triable in the inferior courts must be prosecuted by written complaint under oath and subscribed by the complainant. Such complaint may be verified on information and belief" (§ 740).

"When a complaint is presented to a judge of an inferior court [in this case, the judge of the justice's court] of the commission of a public offense appearing to be triable in his court, he must, if satisfied therefrom that the offense complained of has been committed and that there is reasonable ground to believe that the defendant has committed it, issue a warrant, for the arrest of the defendant" (§ 1427). All that is here *required* is that the judge have before him a verified complaint, that he examine it and be satisfied *"therefrom"* that the alleged offense has been committed and that there is reasonable ground to believe that the defendant committed it; no requirement that the judge take or receive additional evidence with or without the defendant present and confronting witnesses and adducing evidence in his own behalf.

The next step is the arraignment of the defendant (§§ 976, 988-990), who may demur prior to entry of plea (§ 1004). If his demurrer is overruled he may plead (§ 1007) in person or by counsel (§ 1429). If he pleads "not guilty" the case is at issue and proceeds to trial.

In this process there is no supplemental, ancillary, or incidental inquiry concerning the nature of the offense and its commission, except, for example: (1) If the defendant pleads guilty the justice's court "may, before entering such plea or pronouncing judgment, examine witnesses to ascertain the gravity of the offense," and if it appears to the court that a higher offense has been committed than charged in the complaint the court may order the defendant to be committed or admitted to bail, to answer any indictment or information which may be found or filed charging him with such higher offense (§ 1429) ; and (2) If the defendant pleads "not guilty by reason of insanity" the issue of sanity is determined by the superior court, at the proper stage of the proceedings and under the circumstances stated in section 1429.5. Neither of those exceptions is applicable here. Appellant did not plead

---

†We know of no exception applicable to the instant case.

"guilty"; nor did he plead "not guilty by reason of insanity."

Appellant, it would appear, has confused the procedure for a misdemeanor prosecution (governed by the sections above cited) with the procedure for the institution of a felony charge by complaint before a magistrate (governed by §§ 806, 813-815, and 858-883). The distinctions between these two methods are basic and have obtained since early days in this state. (See *Ex Parte Blake*, 155 Cal. 586, 587-591 [102 P. 269, 18 Ann.Cas. 815], and *In re Roth*, 3 Cal.App.2d 226, 230 [39 P.2d 490].) There have been some changes since the Blake and Roth cases were decided but none of significance in the present inquiry. Although there has been some re-numbering of sections, the misdemeanor prosecution procedure is substantially the same as before. As to the preliminary examination of a felony charge, the 1951 repeal of sections 811 and 812 and amendment of sections 806 and 813 appear at most to have dispensed with the taking of "depositions" by the magistrate before issuing the warrant of arrest (former §§ 811 and 812) now requiring him to issue the warrant if "satisfied from the complaint that the offense complained of has been committed and that there is reasonable ground to believe that the defendant has committed it" (§ 813 as amended in 1951), and making no significant changes in the subsequent steps of the preliminary examination procedure.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.