[Civ. No. 17023. First Dist., Div. One. Nov. 26, 1956.]

WILLIAM MULLER, Appellant, v. THE MUNICIPAL COURT FOR THE SOUTHERN JUDICIAL DISTRICT OF SAN MATEO COUNTY, Respondents.

232

William Muller, in pro. per., for Appellant.

Keith C. Sorenson, District Attorney (San Mateo) and Lyle R. Edson, Chief Civil Deputy District Attorney, and Charles Reagh for Respondents.

WOOD (Fred B.), J.—Appellant William Muller brought a forcible entry and detainer action in the municipal court and served six defendants, four of whom appeared and answered. The other two defaulted. He then applied to that court for entry of default and for judgment against these two. The court denied the application, whereupon Muller petitioned the superior court for a writ of mandamus against the municipal court, directing entry of the defaults and a determination, upon the merits, of Muller's application for judgment against the defaulting defendants. After a hearing the superior court denied the petition for a peremptory writ and Muller appealed.

Upon the hearing before the superior court it developed that the defaults had been entered prior to the hearing in the municipal court. That removed one of the issues. No purpose would be served in directing the doing of that which had already been done.

It further appeared that a proceeding to set aside the defaults, instituted subsequent to the municipal court hearing, was pending in the municipal court at the time of the superior court hearing. That, we believe, was sufficient ground for the superior court, in the exercise of its legal discretion, to deny issuance of a writ to hear and determine Muller's application for a default judgment. (See *Rogers* v. *Board of Directors*, 218 Cal. 221, 223-225 [22 P.2d 509]; *Ault* v. *Council of City of San Rafael*, 17 Cal.2d 415, 417 [110 P.2d 379]; 16 Cal.Jur. 768, Mandamus, § 7.)

■ It further appears that no moratorium affidavit has been filed as required by 50 U.S.C.A. App., § 520. That statute declares that in the case of a default "the plaintiff, before entering judgment shall file in the court [here, the municipal court] an affidavit setting forth facts showing that the defendant is not in military service." Muller claims he need not file such an affidavit until just before entry of judgment; hence, that he has a right to a determination of his application for judgment against the defaulting defendants prior to filing the affidavit. However, that might otherwise be (we need not decide), the lack of such an affidavit seems appropriate for consideration by the superior court when determining whether to direct the municipal court to proceed. We see no abuse of discretion in its withholding of the requested writ in the absence of such an affidavit.

In conclusion, we observe that under no possible view of the case has Muller (contrary to his contention) suffered an adverse determination of his substantive rights. His rights as against the defaulting defendants (whether their defaults be set aside or not) can be determined (even if several judgments against them be permissible) when his case against the answering defendants is tried. (See Code Civ. Proc., § 579 as interpreted in *Trans-Pacific T. Co.* v. *Patsy F. & R. Co.*, 189 Cal. 509, 513 [209 P. 357]; *Mirabile* v. *Smith*, 119 Cal. App.2d 685, 686 [260 P.2d 179].)

The order appealed from is affirmed.

Peters, P. J., and Bray, J., concurred.