[Civ. No. 18519.   First Dist., Div. One.   Feb. 3, 1960.]

CITY AND COUNTY OF SAN FRANCISCO, Respondent, v.
WILLIAM MULLER, Appellant.

William Muller, in pro. per., for Appellant.

Dion R. Holm, City Attorney, and R. J. Reynolds, Deputy
City Attorney, for Respondent.

DUNIWAY, J.—This is an appeal from an order denying appellant Muller's motion to vacate or reopen an order granting a preliminary injunction in an action to abate nuisances. We find no error.

The nuisances alleged were the maintenance on one parcel of land of an old shed, and on another of a small frame storage shed and two house trailers, in both instances in violation of specified sections of respondent's Building Code and City Planning Code and of the State Housing Act.

On January 25, 1957, there was issued an order directing the defendants to appear on January 31 and show cause why a preliminary injunction should not issue restraining them from further maintaining the alleged nuisances until entry of final judgment. An affidavit of service shows that on January 26 true copies of the summons and complaint and order to show cause were served on Muller.

Muller failed to appear at the hearing on the order to show cause. After hearing plaintiff, the court entered a minute order granting the preliminary injunction, and on February 5, 1957, made its formal finding and order. Muller then timely filed and served, in March, 1957, two notices of motion, each directed at quashing service of the summons and order to show cause. He has appeared throughout in propria persona. The first motion was grounded on failure of service, and the second motion claimed that the court "lacked jurisdiction" on the grounds that (1) Muller was not the owner, lessee, etc., of the property, as alleged in the complaint; (2) the cited sections of the Building Code and the Planning Code and the State Housing Act are violative of the California and United States Constitutions; and (3) the subject property is commercially zoned, and under Code of Civil Procedure, section 731a, is deemed not to constitute a nuisance.

The first motion was heard on March 18 and March 25, 1957. The second motion was submitted without argument. On March 27 the court entered its order denying both motions. Muller's petition for a writ of mandamus, which was based on the grounds set forth in his second motion, was denied by this court on May 6, 1957, his petition for rehearing was accorded like treatment on June 5, and the Supreme Court denied hearing on July 3, in all cases without opinion.

On August 2, 1957, Muller filed and served the present motion "to set aside and vacate or open 'preliminary injunction order' dated February 5, 1957." The grounds for his motion were that (1) the order was improvidently taken against him

602

through his mistake, accident, surprise, inadvertence and excusable neglect; (2) he had had no notice of the proceeding whatever; (3) the court was without jurisdiction to render the order. He had not filed an answer because his time to plead to the complaint had not expired. (It was stated at the oral argument that it has not yet expired, and no default has been taken against him.)

The minute order denying Muller's motion was entered October 25, the formal written order being entered October 29. The minute order did not contemplate the filing of a formal order (*cf.* rule 2(b)(2), Rules on Appeal). Neither order contains findings. This appeal followed.

█ The order was, in substance, an order refusing to dissolve an injunction, and was therefore appealable. (Code Civ. Proc., § 963, subd. 2; *Wolf* v. *Board of Supervisors,* 143 Cal. 333 [76 P. 1108]; *Neumann* v. *Moretti,* 146 Cal. 31 [79 P. 512].) It is the minute order that is appealable; the appeal from the formal order of October 29 should be dismissed. (*Marino* v. *Valenti,* 118 Cal.App.2d 830 [259 P.2d 84].)

█ The first two motions made by Muller in March, 1957, and especially the second one, sought substantially the same relief, albeit under another label, as the present motion in relation to the preliminary injunction, namely, its dissolution as to Muller. Moreover, the grounds asserted for such relief were substantially the same as the grounds now asserted in seeking the same relief. In his supporting affidavit, Muller does the following: (1) refers to his first March 7 motion and incorporates it, and his affidavit in support of it, by reference; (2) similarly refers to and incorporates his second March 7 motion and affidavit, including all proceedings in this court and the Supreme Court for a writ of mandate; (3) sets out at length argument as to the merits of those motions; (4) asserts that he was surprised by the ruling on his first motion; (5) asserts that the rulings on his second motion were not on the merits thereof, and (6) states no other facts whatever in support of his current (third) motion. He filed a second affidavit on October 24, 1957, which is nothing but a brief in affidavit form, and a reiteration of his assertion that he was not personally served, this being the matter that the court ruled upon when it denied his first motion.

It is true that the first of the two March motions sought, in addition, to quash service of the summons, complaint, and order to show cause, but the denial of that motion is now final, and the court has determined that Muller was properly served.

The evidence upon which this decision was based is not before us, and we must presume that it was sufficient. Having been served, he should have appeared in response to the order to show cause, and can hardly be said to have been surprised, nor can his neglect to do so be called excusable. No default has been entered against him, and he can still answer and have the case tried on its merits. All that has happened is that the preliminary injunction has been left in effect, after three successive motions attacking it.

We think, and hold, that when it became apparent to the court that the present motion was based upon substantially the same grounds, and sought substantially the same relief, as the preceding motions, the court had clear authority to deny it. ■ The nature of a motion is determined by the nature of the relief sought, not by the label attached to it. The law is not a mere game of words. Muller claims that his motion is made under Code of Civil Procedure, section 473. His second motion can equally well be so described, and it was denied. (Code Civ. Proc., § 416.2, expressly provides that such a motion, accompanying a motion to quash under Code Civ. Proc., § 416.1, is not a general appearance. In his applications for a writ of mandate, Muller purported to be proceeding under Code Civ. Proc., §§ 416.1, 416.2, and 416.3. Whether he was correct in this, we need not now decide.)

■ A court has power, on a subsequent motion such as this, to reconsider its prior decision of a similar motion. (*Hover* v. *MacKenzie* (1954), 122 Cal.App.2d 852 [266 P.2d 60]; *Dahlin* v. *Moon* (1956), 141 Cal.App.2d 1 [296 P.2d 344].) It has even been held to be error for the court to fail to do so. (See *Riskin* v. *Towers*, 24 Cal.2d 274 [148 P.2d 611, 153 A.L.R. 442].) That, however, was a case in which, unless the motion were granted, the party would lose all right to present his case on the merits. But when the grounds of the new motion are in substance no different from those of the previous motion, the court obviously is not obliged to reconsider. (Code Civ. Proc., § 1008.) "Nevertheless, the renewal of the same motion may be a serious burden on the court, and a means of abuse of judicial process. Accordingly it has long been settled that the court will refuse to consider a new motion *supported by substantially the same showing* as the one denied. (See *Karst* v. *Seller* (1920) 45 C.A. 623, 627, 188 P. 898; *Yellow Mfg. Acc. Corp.* v. *Stoddard* (1949), 93 C.A.2d 301, 208 P.2d 1040.)" (2 Witkin, California Pro-

cedure, § 12, p. 1649.)  (*Cf. Muller* v. *Muller,* 141 Cal.App.2d 722, 731 [297 P.2d 789].)

Even a court has some rights, and one of them is not to have the administration of justice impeded and burdened by repeated motions raising questions that it has already ruled upon. It is no excuse that Muller is proceeding in propria persona. He has the same rights, but no greater, than he would have if he were represented by counsel.

''Experience in trial of cases indicates that all too often litigants who appear in propria persona deliberately attempt to capitalize upon their own ignorance or appearance of ignorance.'' (*Monastero* v. *Los Angeles Transit Co.,* 131 Cal.App. 2d 156, 162 [280 P.2d 187].)  There is substantial indication that Muller is in this category. (See *Muller* v. *Martin,* 116 Cal.App.2d 431 [253 P.2d 686] ; *Muller* v. *Justice's Court,* 123 Cal.App.2d 696 [267 P.2d 406] ; *Muller* v. *Justice's Court,* 129 Cal.App.2d 570 [277 P.2d 866] ; *Muller* v. *Muller, supra,* 141 Cal.App.2d 722; *Muller* v. *Municipal Court,* 146 Cal.App.2d 231 [303 P.2d 775] ; *Muller* v. *Reagh,* 148 Cal.App.2d 157 [306 P.2d 593] ; *Muller* v. *Reagh,* 150 Cal.App.2d 99 [309 P.2d 826] ; *Muller* v. *Muller,* 156 Cal.App.2d 623 [320 P.2d 205] ; *Muller* v. *Reagh,* 170 Cal.App.2d 151 [338 P.2d 601] ; *Muller* v. *Reagh,* 173 Cal.App.2d 1 [343 P.2d 135] ; *Muller* v. *Robinson,* 174 Cal.App.2d 511 [345 P.2d 25] ; *Muller* v. *Muller,* 174 Cal.App.2d 517 [345 P.2d 29] ; *Muller* v. *Municipal Court,* 176 Cal.App.2d 156 [1 Cal.Rptr. 207].)

Minute order affirmed; appeal from written order of October 29, 1957, dismissed.

Bray, P. J., and Tobriner, J., concurred.