Filed 8/23/16  Century Surety Co. v. Motz CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CENTURY SURETY COMPANY, | D067696 |
| Defendant, Cross-Complainant and Respondent, | |
| v. | (Super. Ct. No. 37-2008-00081030-CU-IC-CTL) |
| DOUGLAS W. MOTZ et al., | |
| Defendants, Cross-Defendants and Appellants. | |

APPEAL from an order of the Superior Court of San Diego County, Ronald S. Prager, Judge.  Motion to dismiss denied.  Appeal to be treated as a petition for writ of mandate.  Petition granted in part and denied in part with directions.

Woolls & Peer, H. Douglas Galt, and Jeffrey A. Dollinger for Defendant, Cross-Complainant and Respondent.

Skane Wilcox, Elizabeth A. Skane and J. Douglas Caffarel for Defendants, Cross-Defendants and Appellants.

In this second round of appellate proceedings in an insurance coverage dispute, we consider appealability issues and the proper interpretation of dispositional language from the prior appeal decided by this court in this case, reversing in part and affirming in part the judgment entered after jury verdict. (*De La Torre v. Century Surety Company* (Feb. 24, 2014, D061028) [nonpub. opn.]; our prior opinion.) Our prior opinion reversed the judgment in part on issues raised by the complaint and remanded the matter to the trial court for further proceedings, which we indicated would encompass related comparative fault determinations on damages entitlements between cross-complainant and respondent Century Surety Company (Century), and defendants and appellants Douglas W. Motz and Douglas W. Motz Insurance Agency, Inc. (collectively Motz).[1] We affirmed the judgment in part as to its award of attorney fees to Century against Motz, based upon the tort of another doctrine. (*Prentice v. North American Title Guaranty Corp.* (1963) 59 Cal.2d 618 (*Prentice*) [attorney fees awardable as damages where caused to be incurred by tortfeasor's improper actions].)

Following remand, the trial court held status conferences, took briefing and heard argument on the proper scope of further trial proceedings, in light of the legal conclusions

---

[1] Our prior opinion directed entry of a new judgment resolving the dispute between the plaintiffs, Pablo De La Torre et al., owners of Jalisco Restaurant (together plaintiffs), and their surplus lines insurer Century. We also directed that further proceedings be held concerning Century's cross-complaint against not only Motz but also another defendant, Pacific Inspection, Inc. (Pacific). The current order, issued on remand, determined that nothing of Century's claims against Pacific remained to be tried, and Century does not challenge this here. Further, Motz represents in his opening brief that he has resolved the plaintiffs' claims against him, and plaintiffs have dismissed their cross-appeal. Motz has also resolved his disputes with Pacific. Thus, the only parties appearing in this appeal are Motz and Century.

and directions in our prior opinion. In this appeal, Motz seeks review of the trial court's order of January 5, 2015, which identified the issues remaining to be tried as a means of implementing the holdings of our prior opinion (the "Issues Order").

Century has responded to Motz's appeal with briefing and also with a motion to dismiss, which has been deferred to this panel. Century contends that the Issues Order was not an appealable one. (Code Civ. Proc.,[2] § 904.1, subd. (a).) Century seeks dismissal and thus to delay any review until after the issues identified in the Issues Order have been fully litigated. (§ 902 [aggrieved party may appeal]; *Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 152 [for appeals purposes, a party is not aggrieved until decision is rendered].)

The interpretive problems presented to us are (1) appealability concerns, and (2) defining the relationship between the resolution of the substantive issues raised by the complaint and by the cross-complaint, as indicated in the discussion and dispositional language in our prior opinion. On the threshold issue of appealability, we could characterize the Issues Order as the equivalent of an appealable new trial order. (§ 904.1, subd. (a)(4); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 858 (*Aguilar*) [" '*any* order granting a new trial is appealable' "].) However, on this record, we deem it appropriate to exercise our discretion to evaluate it through the use of mandamus review. (*Olson v. Cory* (1983) 35 Cal.3d 390, 400-401 [where the record is adequate for decision,

---

[2]     All further statutory references are to the Code of Civil Procedure unless noted.

an arguably nonappealable order may be reviewed through mandamus, for avoidance of unnecessary trial proceedings].)

On the merits of Motz's objections to the Issues Order, our de novo analysis leads us to conclude that his request to set it aside must be denied. (*Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 859 (*Ayyad*) [de novo review proper on definition, in remittitur, of the scope of jurisdiction remaining to the trial court upon remand].) Our prior opinion preserved certain underlying Century-Motz comparative fault determinations from the jury trial and postjudgment motions, and deemed them to be supported by the record and the applicable law. These comparative fault questions from the cross-complaint, concerning the role played by Motz (making negligent misrepresentations), remain inextricably interrelated to the legal questions that arose from and were resolved on the complaint (no Century liability on the insurance policy). We shall reject Motz's arguments concerning Century's alleged waiver of claims or the existence of judicial estoppel that would foreclose Century's arguments on appeal.

Our decision to affirm the award of attorney fees, as damages that were properly recoverable on Century's cross-complaint, was based on a conclusion that the award was legally sound, and we did not make any express or implied determination to place a cap or limit upon the amount of damages that could be awarded on that theory against Motz. Rather, the consequence of our ruling on the complaint was to allow further proceedings on the cross-complaint, as necessary to determine the appropriate quantum of damages to be awarded. As a matter of law, the trial court correctly interpreted the text and dispositional language in our prior opinion. Judicial economy and the interests of justice

4

will best be promoted by leaving intact the Issues Order and directing the trial court to continue the implementation of our prior opinion, as it prescribes. (See *Phillips v. Sprint PCS* (2012) 209 Cal.App.4th 758, 767-768 [writ treatment intended to promote interests of justice].)

I

*PROCEDURAL HISTORY*

A. Prior Appeal

This lawsuit arose out of Century's denial of insurance benefits to plaintiffs for a property loss sustained after a fire broke out in a back kitchen at their restaurant. After jury trial, it was proven that Motz had made negligent material misrepresentations in plaintiffs' application to Century for insurance, as alleged in Century's cross-complaint. The trial court entered judgment for plaintiffs and awarded a portion of the attorney fees requested by Century as damages on the tort of another theory, as against Motz. The trial court made numerous other rulings on comparative fault and allocation of damages. Appeals were brought by Century and Motz.

In our prior opinion, which we do not summarize in full but only as necessary, we addressed both Century's appeal of the damages verdict against it in favor of plaintiffs, and Motz's appeal of the awards against him in favor of plaintiffs and Century. On Century's appeal, we concluded that the record demonstrated that Motz had misrepresented material facts in the application (which he did not challenge on appeal), and therefore Century had established a complete defense to plaintiffs' claim and was entitled to judgment. This conclusion required that further proceedings be allowed to

5

determine what, if any, issues remained to be tried on Century's cross-complaint, as against Pacific (an inspector). As to Motz, we did not expressly state what further proceedings should take place on Century's cross-complaint against him.

Our prior opinion rejected Motz's appeal of the award to Century of attorney fees from him, as damages flowing from the negligent misrepresentation cause of action and according to the tort of another doctrine. We explained: " '[T]he so-called "third party tort exception" to the rule that parties bear their own attorney fees is not really an "exception" at all but an application of the usual measure of tort damages. . . . . . . '[W]hen a defendant's tortious conduct requires the plaintiff to sue a third party, or defend a suit brought by a third party, attorney fees the plaintiff incurs in this third party action "are recoverable as damages resulting from a tort in the same way that medical fees would be part of the damages in a personal injury action." ' (*Third Eye Blind, Inc. v. Near North Entertainment Ins. Services, LLC* (2005) 127 Cal.App.4th 1311, 1325.)

"In this case, the jury found that Motz made material false representations to Century, upon which Century reasonably relied to its detriment. As the trial court found, 'the evidence was unrefuted that if Century had known the true circumstances—that there was not an automatic fire suppression system over all cooking areas—the policy would not have issued. And, absent a policy, there would have been no coverage litigation.'

"Therefore, we conclude the trial court correctly determined that Century is entitled to recover damages from Motz in the form of attorney fees incurred in defending plaintiffs' action. Consistent with the tort of another doctrine, the trial court did not award attorney fees for fees incurred in Century's litigation against Motz, but those

6

Century incurred in defending the litigation brought against it by plaintiffs as a result of Motz's conduct."[3]

In the portion of Motz's appeal attacking the previous attorney fees award to plaintiffs, he generally argued the trial court had abused its discretion in finding Motz and Century were jointly and severally liable for a portion of plaintiffs' attorney fees, and it did not properly apportion the fee award. We agreed with the trial court's view that Motz's negligent conduct had given Century a viable defense against liability on the policy, and therefore the tort of another doctrine supported an award of fees from Motz to plaintiffs. Given the holding that Century was not liable to plaintiffs, however, further proceedings were required to address plaintiffs' rights of recovery against Motz.

Our dispositional language simply stated, "The judgment is reversed with directions for the court to enter judgment in favor of Century as to plaintiffs' claims, and to conduct further proceedings consistent with this decision. The award of attorney fees to Century from Motz is affirmed. Century shall recover its costs on appeal."[4]

---

[3] The jury had awarded Century $38,249 in damages against Motz on account of Motz's negligence, which represented 10 percent of the policy benefits Century (previously) was deemed to owe to plaintiffs. The jury impliedly determined that Century was 90 percent at fault, as the first trial court ruled in subsequent motion proceedings. As will be explained, our reversal of the judgment that found Century liable effectively vacated one important aspect of that implied finding, but not others, on the comparative fault issues.

[4] Since Motz has evidently resolved the Plaintiffs' claims against it, we need not address the portion of our prior opinion discussing the jury's comparative fault allocation of 75-25 percent between Motz and plaintiffs, concerning a particular item of recovery (lost business income). As will be discussed, however, the trial court's previous ruling on

## B. Subsequent Proceedings:  Status Review and Rulings

Following the partial reversal as to Century and as directed on remand, the newly assigned trial judge entered a new judgment in favor of Century and against plaintiffs. As to the remaining disputes, the court took briefing and held status conferences and motion hearings on modifying the judgment as to plaintiffs, and on Century's request to proceed with retrial on its cross-complaint claims.  Initially, Century focused on its claims against Pacific, but after the briefing schedule was established, Century sought a new trial on the amount of tort damages recoverable from Motz in the form of attorney fees incurred in defending plaintiffs' action, both at trial and on appeal.  Century also addressed the previous apportionment of comparative fault (90 percent for Century and 10 percent for Motz), and requested that such apportionment be adjusted, in light of the appellate determination that Century was not liable on the policy.

Motz opposed any grant of new trial on the issue of the amount of attorney fees Century had incurred as tort damages, stating that this court had affirmed the order without qualification and without showing any intent to order a new trial on that issue. Century had not sought rehearing after the prior opinion was filed.

After the hearing, the trial court rendered its Issues Order, initially noting that in order to give effect to the jury's findings and to afford complete relief, it was required to entertain the issue of reallocation of comparative fault.  The court observed that Motz must be allowed to present his defense to the proposed reallocation as sought by

a 90-10 percent comparative fault allocation between Century and Motz remains relevant to the issues currently before us.  (See fn. 3, *ante*.)

8

plaintiffs. A partial new trial was expressly granted on that issue, the proposed modification of the judgment on comparative fault, but denied as to others raised by plaintiffs.

With regard to Century's claims against Motz as a cross-defendant, the court explained that only a portion of Century's damages request had previously been awarded on the tort of another theory, because of the previous trial court's interpretation of the jury verdict as reasonably establishing Motz's negligence at 10 percent for the denial of policy benefits, and Century's at 90 percent. In the current Issues Order, the court observed that the comparative analysis previously adopted by the trial court was now inapplicable after the reversal, since it had been determined on appeal that Century was not at fault. The Issues Order explained: "Instead, Century was forced to defend plaintiffs' claim for benefits through some combination of fault attributable to [Motz], plaintiffs, and [Pacific]. A retrial is necessary to determine the comparative fault of these three parties. *The amount of attorney fees Century is entitled to collect from [Motz] cannot be determined in the absence of a retrial in this regard*. In addition, [Century] is entitled to claim the attorney fees incurred in prosecuting the appeal because such attorney fees were also incurred in defending plaintiff[s'] action. As a result, *new findings will be required* as to the overall amount of reasonable fees to which Century is entitled." (Italics added.)

Further proceedings were held on Century's request for a costs award against plaintiffs, in light of the reversal in Century's favor. As relevant here, the trial court referred to its rulings at the immediately preceding hearing about joint and several

9

liability issues, and stated that Century's claims against Motz (and Pacific) were derivative of plaintiffs' claims against Century, such that all the costs Century had incurred in this litigation necessarily flowed from plaintiffs' pleadings. The court reiterated that proceedings were yet to be held on determining Century's full entitlement to costs and damages.

Motz appealed the Issues Order. Century responded with its motion to dismiss, which has been deferred to this merits panel.

II

*APPEALABILITY ISSUES; TREATMENT OF APPEAL*
*AS PETITION FOR WRIT OF MANDATE*

To claim the Issues Order is properly an appealable one, Motz mainly relies on section 904.1, subdivision (a)(4), which allows an appeal "from an order granting a new trial" (not just from an order upon the grant of a *motion* for a new trial). In *Aguilar*, *supra*, 25 Cal.4th at page 858, the Supreme Court broadly stated, " '*any* order granting a new trial is appealable.' " (See *City & County of San Francisco v. Muller* (1960) 177 Cal.App.2d 600, 603 [nature of the relief sought determines the nature of a motion, not its label].) Also, section 904.1, subdivision (a)(2) makes an appeal cognizable if brought "from an order made after a judgment [that is appealable]."

Alternatively, correctly assuming that jurisdictional questions might arise about the reviewability of the Issues Order, Motz asks us to treat his appeal as a petition for writ of mandate. " 'Generally, a writ must be issued in all cases "where there is not a plain, speedy, and adequate remedy, in the ordinary course of law." ' " (*In re Marriage of*

10

*Lafkas* (2007) 153 Cal.App.4th 1429, 1434.) Motz argues the merits are fully briefed, the record is adequate, and the issues of law are ripe for review.

Century's motion to dismiss responds that the Issues Order amounts only to a trial management order for the anticipated further proceedings and is not appealable. Century argues the trial court was merely construing the prior opinion and the appeal is premature, in that there is currently no aggrieved party having standing to appeal, such as from an order on a motion. (§ 657 [new trial may be granted "on all or part of the issues, on the application of the party aggrieved," on specified grounds materially affecting such party's substantial rights]; § 902 [appeal allowed by aggrieved party].) Motz replies that Century is judicially estopped from claiming no new trial was requested, since it essentially asked for one on its damages entitlement.

"If a new trial is ordered as to some issues but not as to others (for example, to retry the issue of damages but not of liability), the order granting the new trial is appealable by any party aggrieved by the order, including the moving party who sought a new trial as to all issues." (*Cobb v. University of So. California* (1996) 45 Cal.App.4th 1140, 1144.) Due to the relationship between the different motions by different parties before the trial court at the time the Issues Order was rendered, we think the order is equivalent to a partial new trial order. Admittedly, this appealability issue is not entirely clear cut.

In such a case, an appellate court has the discretion to treat an appeal from an arguably nonappealable order as a petition for writ relief, and thus to determine the merits of the challenge to the order. (*Olson v. Cory, supra,* 35 Cal.3d 390, 401 [nonappealable

11

order may be reviewed through mandamus, where record is adequate, to avoid unnecessary trial proceedings]; *H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366-1367 (*H.D. Arnaiz, Ltd.*).)  Moreover, a writ will lie to require a trial court to properly implement an appellate disposition that was intended to govern the further proceedings before it.  (*Hampton v. Superior Court* (1952) 38 Cal.2d 652, 656 [improper for trial court to proceed in violation of terms of appellate opinion]; *Butler v. Superior Court* (2002) 104 Cal.App.4th 979, 982 [trial court is not authorized to materially depart from appellate directions on remand].)

Discretion will generally be exercised to allow review of an arguably nonappealable order where the briefs and the record contain in substance all the elements prescribed by the California Rules of Court for an original mandate proceeding and where extraordinary circumstances justify the exercise of that power.  (*H.D. Arnaiz, Ltd.*, *supra*, 96 Cal.App.4th at pp. 1366-1367.)  The record before us complies, in substance, with the requirements of the applicable rules for both appeals and petitions.  (Cal. Rules of Court,[5] rules 8.120 [record on appeal], 8.486 [petition and supporting documents].)  The matter is fully briefed and opposed and no further notice is necessary.  (Rule 8.487 [filing of opposition to petition].)

We therefore disagree with Century's position that the matter is not suitable for review at this time.  Because of the nature of the required and requested interpretation of dispositional language from our prior opinion, we believe that unusual or extraordinary

---

[5]     All further rule references are to the California Rules of Court unless noted.

12

circumstances exist to warrant an exercise of discretion to decide those pure legal issues at this time. "To dismiss the appeal rather than exercising our power to reach the merits through a mandate proceeding would, under the unusual circumstances before us, be ' "unnecessarily dilatory and circuitous." ' " (*Olson v. Cory*, *supra*, 35 Cal.3d 390, 401.) Delaying review until after the renewed litigation has taken place would not serve any useful purpose, where the dispositional interpretation issues of law are clear. The policies underlying the general requirements for writ review are well served by deciding the issues at this time, to promote judicial efficiency and preserve judicial and party resources. (*Phillips v. Sprint PCS*, *supra*, 209 Cal.App.4th 758, 767-768 [writ treatment appropriate where it promotes the interests of justice].) We deny the motion to dismiss and treat the appeal as a petition for writ of mandate, turning next to the merits of the issues.

III

*MERITS OF MOTZ'S OBJECTIONS TO ISSUES ORDER*

A. Guidelines for Interpreting Dispositional Language

As an appellate disposition, this court may decide to "affirm, reverse, or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had." (§ 43.) "A disposition is not intended to be a riddle, and the directions in the dispositional language, as conveyed by the remittitur, are to be followed by the trial court on remand." (*Ducoing Management Inc. v. Superior Court* (2015) 234 Cal.App.4th 306, 313 (*Ducoing*).)

13

"The appellate court need not expressly comment on every matter intended to be covered by the disposition. The disposition is construed according to the wording of its directions, as read with the appellate opinion as a whole." (*Ducoing*, *supra*, 243 Cal.App.4th at p. 313, citing *Eldridge v. Burns* (1982) 136 Cal.App.3d 907, 917-918; *Ayyad, supra*, 210 Cal.App.4th at p. 859.) "It is unnecessary and inappropriate for an appellate court to attempt to envision and to set forth in detail the entire universe of matters prohibited by its directions on remand." (*Id.* at p. 863.) Nevertheless, where an appellate disposition with remittitur is ambiguous, the trial court must construe it in light of applicable law and the body of the opinion in which it is found. (*Id.* at p. 863, fn. 7.)

"When an appellate court's reversal is accompanied by directions requiring specific proceedings on remand, those directions are binding on the trial court and must be followed. Any material variance from the directions is unauthorized and void." (*Butler v. Superior Court*, *supra*, 104 Cal.App.4th 979, 982, italics omitted; *Hampton v. Superior Court*, *supra*, 38 Cal.2d 652, 655-656.) It is well established that on remand, the lower court may not reopen the facts or retry the case. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701-702 [trial court may not reopen case after appellate court's unqualified affirmance].) It is also well established that a trial court is accorded some flexibility to implement the appellate directions, such as receiving new evidence to clarify the resubmitted issues, as long as the trial court does not materially depart from the directions on remand. (*Butler, supra*, at p. 982.)

B. Pertinent Portions of Prior Opinion's Discussion and Dispositional Language

We undertake a de novo examination of the correctness of the Issues Order as an implementation of our prior opinion. (*Ayyad, supra*, 210 Cal.App.4th at p. 859.) We construe the dispositional language "in conjunction with the opinion as a whole." (*Ibid.; Ducoing, supra*, 234 Cal.App.4th at p. 313.) Our prior opinion identified the issues remaining to be tried, upon remand, as including the legal effects of our primary holdings (1) the record established Century has a complete defense and is not liable to plaintiffs on the policy, and it did not commit bad faith insurance conduct, and (2) due to the lack of appropriate disclosures during plaintiffs' application procedure, Motz had acted negligently in procuring their policy, and the negligence of Motz therefore entitled Century to an award of damages under the tort of another doctrine.

With respect to the partial reversal of the judgment with directions, further proceedings consistent with the decision were anticipated, chiefly the entry of judgment in favor of Century against plaintiffs, which has now been done. We agreed with the original trial court's rationale that Motz's negligent conduct had added to the cost of litigation for plaintiffs on the coverage issues, leading to Motz's liability for damages to them under the tort of another doctrine.[6] We left it to the trial court to decide whether to enter judgment against Motz for plaintiffs' loss of insurance benefits.

---

[6] Plaintiffs have since settled with Motz. Our prior opinion did not reach Pacific's conditional cross-appeal, only requiring consideration on remand of what, if any, issues remained to be decided on Century's cross-complaint against Pacific. The trial court's Issues Order said there were none. (See fn. 1, *ante*).

15

Separately, we affirmed the judgment in part as to the award of attorney fees to Century from Motz. We acknowledged that the trial court had previously, in motion proceedings, correctly determined that Century was entitled to recover damages from Motz in the form of attorney fees incurred in defending plaintiffs' action, because that defense had become necessary due to Motz's tortious conduct. We also acknowledged and did not disturb an underlying finding that Motz's comparative negligence, during the issuance of the policy, was 10 percent, while Century's was (purportedly) 90 percent in denying policy coverage to the Plaintiffs. We did not expressly distinguish between Century's legal entitlement to damages in the form of attorney fees, compared to the dollar amount of that damages award at the time.

The current question is whether this discussion in the prior opinion and its disposition of Motz's appeal amounted to an unconditional affirmance that effectively ended the case of Century, his fellow appellant, insofar as Century sought damages under the tort of another doctrine, in its cross-complaint. (See *Griset v. Fair Political Practices Com.*, *supra*, 25 Cal.4th 688, 701-702; *Ducoing*, *supra*, 234 Cal.App.4th 306, 313.) Related questions are raised on whether Century somehow waived or failed to pursue its claims of entitlement to such damages, because of the manner in which these issues were litigated at the status conference and at related motion proceedings. Motz is contending Century was dilatory in not pursuing a formal postjudgment attorney fees motion.

In addressing Motz's challenges to the Issues Order, we are required to take into account each interrelated holding in our prior opinion, including the determination that the jury's previous comparative fault allocation between Century and Motz had to be

16

adjusted, upon reversal of the judgment plaintiffs had obtained against Century.  As we referred to the topic of Motz's comparative negligence in our prior opinion, "The trial court awarded attorney fees to Century as damages on its cross-complaint against Motz for negligent misrepresentation.  The court awarded 10 percent of the fees sought by Century based upon the fact that the jury awarded Century 10 percent of the amount of benefits the jury found payable to plaintiffs by Century under the policy.  The trial court determined that this indicated the jury found Motz's negligence to be responsible for 10 percent of Century's denial of the policy and that this comparative fault analysis was reasonable."  Accepting this finding, we then evaluated the issue of whether such tort damages were properly recoverable as a matter of law, according to the tort of another doctrine.  (*Gray v. Don Miller & Associates, Inc.* (1984) 35 Cal.3d 498, 505.)

Once our prior opinion set aside the predicate finding of insurance coverage liability, by ruling that Century had established a complete affirmative defense, we effectively determined, as a logical consequence, that Century was entitled to a retrial on the comparative fault among the parties, as a means of determining the amount of damages that Century is entitled to collect from Motz.  We held, "Century is entitled to attorney fees based upon the tort of another doctrine as damages flowing from its negligent misrepresentation cause of action against Motz."  Our partial affirmance of the judgment upheld the legal basis of the attorney fees award to Century, as damages from Motz.  Did this mean that Century's damages in the form of an attorney fees award were capped at the amount established during the previous trial?  No, because the tort of another doctrine provides a legal basis for such damages, but they were previously

17

calculated in error. Century arguably continues to sustain such damages during the pendency of this litigation, while continuing to incur attorney fees in defense of the plaintiffs' action and in its aftermath, all because of Motz's negligent misrepresentations.

Accordingly, after the issuance of our prior opinion and its reversal as to the Century liability verdict, it can no longer be said that the jury verdict established that Motz should only bear 10 percent of the responsibility for the litigation expense damages. When we reversed plaintiffs' judgment for damages against Century, we "purposefully reversed" one aspect of the trial court's interrelated comparative fault determination on how much of its own litigation expense damages Century must bear, due to Motz's botched policy application. (See *Ducoing*, *supra*, 234 Cal.App.4th 306, 315.)

It is not surprising that after remand, the issues to be resolved in this case were evolving within the context of the entire dispute among all the parties. Regrettably, it has taken time and effort for Century to enforce its viable defense against policy liability. We are not persuaded by Motz's argument in his reply brief that Century's retrial requests were brought upon him by ambush, without any proper postjudgment motion proceedings. After remand, it was inevitable that all the issues had to be hashed out during status and motion hearings, to determine the scope of the necessary partial retrial, and there was no lack of appropriate notice to Motz about the nature of the remaining disputes.

The fact remains that it is inconsistent for Century now to be deemed zero percent liable to plaintiffs, but to remain uncompensated for its attorney fees as tort damages (except for the 10 percent as allowed by the previous trial court's ruling on the damages

18

sought by Century's cross-complaint). As the Issues Order correctly stated, "A retrial is necessary to determine the comparative fault of these three [when including plaintiffs] parties. *The amount of attorney fees Century is entitled to collect from [Motz] cannot be determined in the absence of a retrial in this regard.* In addition, [Century] is entitled to claim the attorney fees incurred in prosecuting the appeal because such attorney fees were also incurred in defending plaintiff[s'] action. As a result, *new findings will be required* as to the overall amount of reasonable fees to which [Century] is entitled." (Italics added.) Those fees are damages to be established at trial. (See *Baron v. Fire Ins. Exchange* (2007) 154 Cal.App.4th 1184, 1198-1199 [to the extent that appellate attorney fees reflect the continuation of professional services performed to litigate policy benefits issues, they should be recoverable; discussing fee entitlement under comparable authority, *Brandt v. Superior Court* (1985) 37 Cal.3d 813, 817-820].)[7]

To the extent that an appellate disposition is ambiguous, it will be construed in light of applicable law and the body of the opinion in which it is found. (*Ayyad*, *supra*, 210 Cal.App.4th at p. 863, fn. 7.) At the outset of the Issues Order, the trial court stated that Century's previous appeal was broad enough to address modification of the judgment and the proposed reallocation of fault. This view should be understood to include not only issues on Century's liability to plaintiffs on the complaint, but also its entitlements against Motz on the cross-complaint, since he had unsuccessfully challenged the

---

[7] Century's cross-complaint did not name plaintiffs as parties. The remaining comparative fault determinations concerning procurement of the policy will be between Century and Motz, especially since plaintiffs are apparently no longer participants in the litigation.

19

applicability of the tort of another doctrine to him. In light of the existing comparative fault issues, the complexity of these matters and the developing nature of the litigation, we cannot say that Century has failed to pursue its remedies or otherwise waived its claims to recover a full measure of tort of another damages from Motz.

The remaining triable issues upon remand will include not only a corrected comparative fault determination, but also a related finding on the dollar amount of damages incurred by Century (litigation expenses in defense against policy liability), during the several stages of this litigation (the first trial, the first appeal, and this appeal). (*Baron v. Fire Insurance Exchange*, *supra*, 154 Cal.App.4th 1184, 1197-1198 [fees incurred in litigating policy benefits entitlement are recoverable].) Under the same rationale, there may be other such damages incurred at the new trial prescribed by the Issues Order. (*Ibid*.)

## DISPOSITION

We treat the appeal as a petition for writ of mandate and grant the petition in part and deny in part. The motion to dismiss is denied. Let a writ of mandate issue directing

20

the superior court to implement the procedures outlined in the January 5, 2015 Issues Order for determination of the remaining disputes about the compensation sought by Century in its cross-complaint.  Costs on appeal are awarded to Century.


                                                        HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.

21